**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| In re:<br><br>MERITAGE HOSPITALITY GROUP INC.,<br><br>Debtor.<br><br>Tax I.D. No. **-***0460 | Chapter 11<br><br>Case No. 26-02947 (JWB) |
| In re:<br><br>MHG FOOD SERVICE, INC.,<br><br>Debtor.<br><br>Tax I.D. No. **-***5926 | Chapter 11<br><br>Case No. 26-02948 (JWB) |
| In re:<br><br>OCM DEVELOPMENT, LLC,<br><br>Debtor.<br><br>Tax I.D. No. **-***7384 | Chapter 11<br><br>Case No. 26-02961 (JWB) |
| In re:<br><br>WEN CAROLINAS, LLC,<br><br>Debtor.<br><br>Tax I.D. No. **-***3792 | Chapter 11<br><br>Case No. 26-02953 (JWB) |
| In re:<br><br>WEN GEORGIA, LLC,<br><br>Debtor.<br><br>Tax I.D. No. **-***7369 | Chapter 11<br><br>Case No. 26-02958 (JWB) |
| In re: | Chapter 11 |

| | | |
|---|---|---|
| WEN OHIO, LLC,<br><br>Debtor.<br><br>Tax I.D. No. **-***5959 | ) | Case No. 26-02952 (JWB) |
| In re:<br><br>WEN OKLAHOMA, LLC,<br><br>Debtor.<br><br>Tax I.D. No. **-***8802 | ) | Chapter 11<br><br>Case No. 26-02957 (JWB) |
| In re:<br><br>WEN SOUTH, LLC,<br><br>Debtor.<br><br>Tax I.D. No. **-***1229 | ) | Chapter 11<br><br>Case No. 26-02954 (JWB) |
| In re:<br><br>WEN TENNESSEE, LLC,<br><br>Debtor.<br><br>Tax I.D. No. **-***2477 | ) | Chapter 11<br><br>Case No. 26-02949 (JWB) |
| In re:<br><br>WEN VIRGINIA, LLC,<br><br>Debtor.<br><br>Tax I.D. No. **-***2840 | ) | Chapter 11<br><br>Case No. 26-02960 (JWB) |
| In re:<br><br>WM LIMITED PARTNERSHIP-1998,<br><br>Debtor.<br><br>Tax I.D. No. **-***9989 | ) | Chapter 11<br><br>Case No. 26-02959 (JWB) |

| | |
|---|---|
| In re:<br><br>RES MANAGEMENT, LLC,<br><br>Debtor.<br><br>Tax I.D. No. **-***9105 | Chapter 11<br><br>Case No. 26-02951 (JWB) |
| In re:<br><br>INSPIRED BY OPPORTUNITY, LLC,<br><br>Debtor.<br><br>Tax I.D. No. **-***3681 | Chapter 11<br><br>Case No. 26-02950 (JWB) |
| In re:<br><br>UNCOMMON HOSPITALITY, LLC,<br><br>Debtor.<br><br>Tax I.D. No. **-***8858 | Chapter 11<br><br>Case No. 26-02956 (JWB) |
| In re:<br><br>CHICKEN VENTURES, LLC,<br><br>Debtor.<br><br>Tax I.D. No. **-***7215 | Chapter 11<br><br>Case No. 26-02962 (JWB) |

**DEBTORS' FIRST DAY MOTION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") state as follows in support of this motion (the "Motion"):

## Relief Requested

1. The Debtors request entry of an order, substantially in the form attached hereto (the "Order"): (a) directing procedural consolidation and joint administration of these chapter 11 cases;

and (b) granting related relief. The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Meritage Hospitality Group Inc., Case No. 26-02947 (JWB), and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| MERITAGE HOSPITALITY GROUP INC., *et al.*,[1] | ) | Case No. 26-02947 (JWB) |
| Debtors. | ) | (Jointly Administered) |

2. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors' chapter 11 cases (except that of *Meritage Hospitality Group Inc.*), to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and the applicable Local Bankruptcy Rules of the United States Bankruptcy Court for the Western District of Michigan directing joint administration for procedural purposes of the chapter 11 cases of each of the following: Meritage Hospitality Group Inc., Case No. 26-02947, MHG Food Service, Inc., Case No. 26-02948, OCM Development, LLC, Case No. 26-02961, Wen Carolinas, LLC, Case No. 26-02953, Wen Georgia, LLC, Case No. 26-02958, Wen Ohio, LLC, Case No. 26-02952, Wen Oklahoma, LLC, Case No. 26-02957, Wen South, LLC, Case No. 26-02954, Wen Tennessee, LLC, Case No. 26-02949, Wen Virginia, LLC, Case No. 26-02960, WM Limited Partnership-1998, Case No.

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Meritage Hospitality Group Inc. (0460); MHG Food Service, Inc. (5926); OCM Development, LLC (7384); Wen Carolinas, LLC (3792); Wen Georgia, LLC (7369); Wen Ohio, LLC; (5959); Wen Oklahoma, LLC (8802); Wen South, LLC (1229); Wen Tennessee, LLC (2477); Wen Virginia, LLC (2840); WM Limited Partnership-1998 (9989); RES Management, LLC (9105); Inspired By Opportunity, LLC (3681); Uncommon Hospitality, LLC (8858); and Chicken Ventures, LLC (7215). The corporate headquarters and the mailing address for the Debtors is 45 Ottawa Ave SW Suite 600, Grand Rapids, MI 49503.

26-02959, RES Management, LLC, Case No. 26-02951, Inspired By Opportunity, LLC, Case No. 26-02950, Uncommon Hospitality, LLC, Case No. 26-02956, Chicken Ventures, LLC, Case No. 26-02962. **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 26-02947.**

## Jurisdiction and Venue

4. The United States Bankruptcy Court for the Western District of Michigan (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The bases for the relief requested herein are sections 105(a) and 1015(b) of title 11 of the Bankruptcy Code, rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013 of the Local Bankruptcy Rules for the Western District of Michigan (the "Bankruptcy Local Rules").

## Background

7. On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have requested that the chapter 11 cases (the "Chapter 11 Cases") be jointly administered.

8. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9. No trustee, examiner, or statutory committee of creditors has been appointed in the Chapter 11 Cases.

10. The Debtors are franchisees of Wendy's restaurants, operating Wendy's franchise locations throughout the United States. A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' Chapter 11 Cases, is set forth in the *Declaration of Kevin Cleary, Chief Restructuring Officer of Meritage Hospitality Group Inc., in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") filed contemporaneously with the Motion.[1]

**Basis for Relief Requested**

11. Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). MHG Food Service, Inc., OCM Development, LLC, Wen Carolinas, LLC, Wen Georgia, LLC, Wen Ohio, LLC, Wen Oklahoma, LLC, Wen South, LLC, Wen Tennessee, LLC, Wen Virginia, LLC, WM Limited Partnership-1998, RES Management, LLC, Inspired By Opportunity, LLC, Uncommon Hospitality, LLC, and Chicken Ventures, LLC are "affiliates," as that term is defined under section 101(2) of the Bankruptcy Code, of Meritage Hospitality Group Inc. Accordingly, the Court is authorized to grant the requested relief.

12. On the date hereof, the Debtors commenced the fifteen Chapter 11 Cases referenced above by filing petitions for voluntary relief with the Court. Given the provisions of the Bankruptcy Rules and the Bankruptcy Local Rules and the Debtors' affiliation with one another, joint administration of the Chapter 11 Cases is warranted and would provide significant administrative convenience without harming the substantive rights of any party in interest. Joint administration would avoid the preparation, replication, service, and filing, as applicable, of duplicative notices,

[1] Capitalized terms used but not otherwise defined in this Motion have the meanings ascribed to them in the First Day Declaration.

applications, and orders, thereby saving the Debtors considerable expense and resources. The Debtors' financial affairs and business operations are closely related. Many of the motions, hearings, and orders in the Chapter 11 Cases will affect each Debtor and its respective estate. The rights of creditors would not be adversely affected, as this Motion requests only administrative, and not substantive, consolidation of the estates. Moreover, each creditor shall still file its claim against a particular estate. In fact, all creditors would benefit by the reduced costs that would result from the joint administration of the Chapter 11 Cases. The Court also would be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the Chapter 11 Cases by the Office of the United States Trustee for the Western District of Michigan (the "U.S. Trustee") would be simplified.

13. Joint administration is generally non-controversial, and courts routinely order joint administration in cases with multiple related debtors. The relief requested in this Motion has been granted in other large and complex chapter 11 cases in this Circuit. *See, e.g., In re Murray Energy Holdings Co.*, Case No. 19-56885 (JEH) (Bankr. S.D. Ohio Nov. 1, 2019) [Docket No. 112] (directing joint administration of ninety-eight chapter 11 cases); *In re Murray Metallurgical Coal Holdings, LLC*, Case No. 20-10390 (JEH) (Bankr. S.D. Ohio Feb. 12, 2020) [Docket No. 3] (seeking joint administration of six related chapter 11 cases); *In re AmplifyBio, LLC*, Case No. 25-52140 (Bankr. S.D. Ohio May 19, 2025) [Docket No. 10] (authorizing and directing joint administration of two related chapter 11 cases).

14. Furthermore, it is appropriate to waive the requirement of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) for the inclusion of the Debtors' full tax identification numbers in the captions for the Debtors' filings with the Court and notices sent to creditors. This information is available on each of the Debtors' chapter 11 petitions. Waiver of this

requirement is purely procedural in nature and would ease the administrative burden on the Debtors.

15. In view of the fact that joint administration is a procedural matter only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly-administered Debtors.

16. For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, creditors, and other parties in interest and, therefore, should be granted.

## Emergency Consideration

17. The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case to the extent that "relief is needed to avoid immediate and irreparable harm." An immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations, and any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. The failure to receive the requested relief during the first 21 days of the Chapter 11 Cases would severely disrupt the Debtors' operations at this critical juncture and imperil the Debtors' restructuring. The Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis.

**Waiver of Bankruptcy Rules 6004(a) and 6004(h)**

18. The Debtors request that the Court enter an order providing that notice of the relief requested satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

**Reservation of Rights**

19. Nothing contained herein is intended or should be construed as: (a) an admission as to the validity or priority of any claim or lien against the Debtors; (b) a waiver of the Debtors' rights to subsequently dispute such claim or lien on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or the proposed Order; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

**Notice**

20. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee for the Western District of Michigan; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Prepetition Lenders; (d) the Office of the United States Attorney for the Western District of Michigan; (e) the state attorneys general for states in which the Debtors conduct business; (f) the Internal Revenue Service; (g) OTC Markets Group; (h) the Environmental Protection Agency; (i) other governmental agencies having a regulatory or statutory interest in these cases; (j) Quality Is Our Recipe, LLC; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

September 17, 2026

Respectfully submitted,

*/s/ Scott N. Opincar*
**MCDONALD HOPKINS LLC**
Scott N. Opincar
Michael J. Kaczka
Maria G. Carr (*pro hac vice* pending)
600 Superior Ave. East, Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Email: sopincar@mcdonaldhopkins.com
mkaczka@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com

*Proposed Counsel for the Debtors*
*and Debtors in Possession*