**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| MERITAGE HOSPITALITY GROUP INC., *et al.*,[1] | ) | Case No. 26-02947 (JWB) |
| Debtors. | ) | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**(I) EXTENDING TIME TO FILE SCHEDULES AND STATEMENTS**
**AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (the "Motion"):

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "Order"), (a) extending the deadline by which the Debtors must file their schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") by an additional 32 days to and including November 2, 2026, for a total of 46 days from the Petition Date and (b) granting related relief.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Western District of Michigan (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Meritage Hospitality Group Inc. (0460); MHG Food Service, Inc. (5926); OCM Development, LLC (7384); Wen Carolinas, LLC (3792); Wen Georgia, LLC (7369); Wen Ohio, LLC; (5959); Wen Oklahoma, LLC (8802); Wen South, LLC (1229); Wen Tennessee, LLC (2477); Wen Virginia, LLC (2840); WM Limited Partnership-1998 (9989); RES Management, LLC (9105); Inspired By Opportunity, LLC (3681); Uncommon Hospitality, LLC (8858); and Chicken Ventures, LLC (7215). The corporate headquarters and the mailing address for the Debtors is 45 Ottawa Ave SW Suite 600, Grand Rapids, MI 49503.

pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code"), rules 1007 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013 of the Local Bankruptcy Rules for the Western District of Michigan (the "Bankruptcy Local Rules").

**Background**

5. On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have requested that the chapter 11 cases (the "Chapter 11 Cases") be jointly administered.

6. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. No trustee, examiner, or statutory committee of creditors has been appointed in the Chapter 11 Cases.

8. A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' Chapter 11 Cases, is set forth in the *Declaration of Kevin Cleary, Chief Restructuring Officer of Meritage Hospitality Group, Inc., in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") filed contemporaneously with the Motion.[2]

[2] Capitalized terms used but not otherwise defined in this Motion have the meanings ascribed to them in the First Day Declaration.

## Basis for Relief

**A. Cause Exists to Extend the Time to File the Schedules and Statements.**

9. Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), the Debtors are required to file the Schedules and Statements within 14 days of the Petition Date. However, pursuant to Bankruptcy Rules 1007(a)(5), 1007(c), and 9006(b), the Court has authority to extend the time required for filing the Schedules and Statements "for cause." Fed. R. Bankr. P. 1007(a)(5), 1007(c), and 9006(b).

10. Cause exists to grant the relief requested herein. To prepare their Schedules and Statements, the Debtors will have to compile information from books, records, and documents relating to numerous claims, assets, leases, and contracts from each of the Debtor entities. Collection of the necessary information will require significant time and effort expended by the Debtors, their employees, and their advisors at a time when such resources would be best used to stabilize the Debtors' business operations at the outset of these cases. Moreover, prepetition preparation of the Schedules and Statements was not feasible given the complex nature of the Debtors' businesses. Prior to the Petition Date, the Debtors focused their efforts on a smooth transition into chapter 11 and negotiating with certain of the Debtors' lenders for use of cash collateral, making it difficult for the Debtors to prepare the Schedules and Statements in advance of the Petition Date.

11. The Debtors, with the assistance of their professional advisors, have been and will continue working diligently and expeditiously to prepare the Schedules and Statements within the additional time requested. The Debtors anticipate that they may require at least 46 days after the Petition Date to complete the Schedules and Statements. The relief requested will not prejudice any party in interest. The Debtors request that the Court extend the initial 14-day period for an

additional 32 days (i.e., November 2, 2026), without prejudice to the Debtors' right to request further extensions.

**Emergency Consideration**

12. The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case to the extent that "relief is needed to avoid immediate and irreparable harm." An immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations, and any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. The failure to receive the requested relief during the first 21 days of these Chapter 11 Cases would severely disrupt the Debtors' operations at this critical juncture and imperil the Debtors' restructuring. The Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis.

**Waiver of Bankruptcy Rules 6004(a) and 6004(h)**

13. The Debtors request that the Court enter an order providing that notice of the relief requested satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

**Reservation of Rights**

14. Nothing contained herein is intended or should be construed as: (a) an admission as to the validity or priority of any claim or lien against the Debtors; (b) a waiver of the Debtors' rights to subsequently dispute such claim or lien on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or the proposed Order; (e) a request or authorization to assume

any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

**Notice**

15. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee for the Western District of Michigan; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Prepetition Lenders; (d) the Office of the United States Attorney for the Western District of Michigan; (e) the state attorneys general for states in which the Debtors conduct business; (f) the Internal Revenue Service; (g) OTC Markets Group; (h) the Environmental Protection Agency; (i) other governmental agencies having a regulatory or statutory interest in these cases; (j) Quality Is Our Recipe, LLC; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page left blank intentionally]*

WHEREFORE, the Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

September 17, 2026

Respectfully submitted,

*/s/ Scott N. Opincar*
**MCDONALD HOPKINS LLC**
Scott N. Opincar
Michael J. Kaczka
Maria G. Carr (*pro hac vice* pending)
600 Superior Ave. East, Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Email: sopincar@mcdonaldhopkins.com
mkaczka@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com

*Proposed Counsel for the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| MERITAGE HOSPITALITY GROUP INC., *et al.*,[1] | ) | Case No. 26-02947 (JWB) |
| Debtors. | ) | (Joint Administration Requested) |

**ORDER (I) EXTENDING TIME TO FILE SCHEDULES AND STATEMENTS AND (II) GRANTING RELATED RELIEF**
*(Related to Docket No. _)*

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to extend the deadlines to file the Schedules and Statements and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Meritage Hospitality Group Inc. (0460); MHG Food Service, Inc. (5926); OCM Development, LLC (7384); Wen Carolinas, LLC (3792); Wen Georgia, LLC (7369); Wen Ohio, LLC; (5959); Wen Oklahoma, LLC (8802); Wen South, LLC (1229); Wen Tennessee, LLC (2477); Wen Virginia, LLC (2840); WM Limited Partnership-1998 (9989); RES Management, LLC (9105); Inspired By Opportunity, LLC (3681); Uncommon Hospitality, LLC (8858); and Chicken Ventures, LLC (7215). The corporate headquarters and the mailing address for the Debtors is 45 Ottawa Ave SW Suite 600, Grand Rapids, MI 49503.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The time within which the Debtors must file the Schedules and Statements is extended to November 2, 2026, without prejudice to the Debtors' rights to seek an additional extension upon cause shown therefor.

3. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**END OF ORDER**

*Order prepared and submitted by:*

**MCDONALD HOPKINS LLC**
Scott N. Opincar
Michael J. Kaczka
Maria G. Carr (*pro hac vice* pending)
600 Superior Ave. East, Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Email: sopincar@mcdonaldhopkins.com
mkaczka@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com

*Proposed Counsel for the Debtors*
*and Debtors in Possession*