# **Exhibit B**

Daloia Declaration

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| MERITAGE HOSPITALITY GROUP INC., *et al.*,[1] | ) | Case No. 26-02947 (JWB) |
| Debtors. | ) | (Joint Administration Requested) |

**DECLARATION OF JAMES DALOIA IN SUPPORT OF DEBTORS' APPLICATION FOR APPOINTMENT OF KROLL RESTRUCTURING ADMINISTRATION LLC AS CLAIMS, NOTICING AND SOLICITATION AGENT**

I, James Daloia, under penalty of perjury, declare as follows:

1. I am a Senior Director of Kroll Restructuring Administration LLC ("Kroll"), a chapter 11 administrative services firm whose headquarters are located at 1 World Trade Center, 31st Floor, New York, New York 10007. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2. This Declaration is made in support of the above-captioned debtors' (collectively, the "Debtors") *Application for Appointment of Kroll Restructuring Administration LLC as Claims, Noticing and Solicitation Agent*, which was filed contemporaneously herewith (the "Application").[2]

3. Kroll is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Kroll's professionals

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Meritage Hospitality Group Inc. (0460); MHG Food Service, Inc. (5926); OCM Development, LLC (7384); Wen Carolinas, LLC (3792); Wen Georgia, LLC (7369); Wen Ohio, LLC; (5959); Wen Oklahoma, LLC (8802); Wen South, LLC (1229); Wen Tennessee, LLC (2477); Wen Virginia, LLC (2840); WM Limited Partnership-1998 (9989); RES Management, LLC (9105); Inspired By Opportunity, LLC (3681); Uncommon Hospitality, LLC (8858); and Chicken Ventures, LLC (7215). The corporate headquarters and the mailing address for the Debtors is 45 Ottawa Ave SW Suite 600, Grand Rapids, MI 49503.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Kroll's professionals have acted as debtor's counsel or official claims and noticing agent in many large bankruptcy cases in various districts nationwide. Kroll's active and former cases include: *Interlogic Outsourcing, Inc., et al.*, No. 20-00325 (SWD) (Bankr. W.D. Mich.); *Adinath Corp., et al.*, No. 15-16885 (LMI) (Bankr. S.D. Fla.); *Aerotech Miami Inc. d/b/a iAero Tech, et al.,* No. 23-17503 (RAM) (Bankr. S.D. Fla.); *American Purchasing Services, LLC d/b/a American Medical Depot*, No. 20-23495 (SMG) (Bankr. S.D. Fla.); *Hooters of America, LLC*, No. 25-80078 (SWE) (Bankr. N.D. Tex.); *Zips Car Wash LLC*, No. 25-80069 (MLV) (Bankr. N.D. Tex.)*; U.S. TelePacific Corp.*, No. 26-90625 (ARP) (Bankr. S.D. Tex.); *Bitcoin Depot Inc.*, No. 26-90528 (CML) (Bankr. S.D. Tex.); *QVC Grp., Inc.*, No. 26-90447 (ARP) (Bankr. S.D. Tex.); *Carbon Health Technologies, Inc.*, No. 26-90306 (CML) (Bankr. S.D. Tex.); *WW International, Inc.*, No. 25-10829 (CTG) (Bankr. D. Del.); *JOANN Inc.*, No. 25-10068 (CTG) (Bankr. D. Del.); *Mondee Holdings, Inc.*, No. 25-10047 (JKS) (Bankr. D. Del.); *Omega Therapeutics, Inc.*, No. 25-10211 (BLS) (Bankr. D. Del.); *Sleep Number Corporation*, No. 26-11399 (KYP) (Bankr. S.D.N.Y.); *NFE Global Holdings Limited*, No. 26-11268 (MG) (Bankr. S.D.N.Y.); *Acorda Therapeutics, Inc.*, No. 24-22284 (DSJ) (Bankr. S.D.N.Y.); *GOL Linhas Aéreas Inteligentes S.A.*, No. 24-10118 (MG) (Bankr. S.D.N.Y.); *SVB Financial Group*, No. 23-10367 (MG) (Bankr. S.D.N.Y.); *New Rite Aid, LLC*, No. 25-14861 (MBK) (Bankr. D.N.J.); and *23andMe Holding Co.*, No. 25-40976 (BCW) (Bankr. E.D. Mo.).

4. As agent and custodian of Court records pursuant to 28 U.S.C. § 156(c), Kroll will perform, at the request of the Office of the Clerk of the Bankruptcy Court (the "Clerk"), the services specified in the Application and the Engagement Agreement, and, at the Debtors' request, any related administrative, technical, and support services as specified in the Application and the

Engagement Agreement. In performing such services, Kroll will charge the Debtors the rates set forth in the Engagement Agreement, which is attached as Exhibit A to the Application.

5. Kroll represents, among other things, the following:

(a) Kroll, its members and employees are not and were not, within two years before the date of the filing of these chapter 11 cases, creditors, equity security holders, insiders or employees of the Debtors;

(b) Kroll will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

(c) By accepting employment in these chapter 11 cases, Kroll waives any rights to receive compensation from the United States government in connection with these chapter 11 cases;

(d) In its capacity as the Claims and Noticing Agent in these chapter 11 cases, Kroll will not be an agent of the United States and will not act on behalf of the United States;

(e) Kroll will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases;

(f) Kroll is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is engaged;

(g) In its capacity as Claims and Noticing Agent in these chapter 11 cases, Kroll will not intentionally misrepresent any fact to any person;

(h) Kroll shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

(i) Kroll will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j) None of the services provided by Kroll as Claims and Noticing Agent in these chapter 11 cases shall be at the expense of the Clerk's office.

6. In accordance with 11 U.S.C. § 327(a) and Federal Rule of Bankruptcy Procedure 2014, I caused to be submitted for review by our conflicts system the names of all known potential parties in interest (the "Potential Parties in Interest") in these chapter 11 cases. The list of

Potential Parties in Interest was provided by the Debtors and included, among other parties, [the Debtors, non-Debtor affiliates, current and former directors and officers of the Debtors, significant stockholders, secured creditors, lenders, the Debtors' 30 largest unsecured creditors on a consolidated basis, contract counterparties, landlords, vendors, insurers, utilities, governmental authorities, the United States Trustee and persons employed in the office of the United States Trustee, and other parties]. The results of the conflict check were compiled and reviewed by Kroll professionals under my supervision. At this time, and as set forth in further detail herein, Kroll is not aware of any connection that would present a disqualifying conflict of interest. Should Kroll discover any new relevant facts or connections bearing on the matters described herein during the period of its retention, Kroll will use reasonable efforts to file promptly a supplemental declaration.

7. To the best of my knowledge, and based solely upon information provided to me by the Debtors, and except as provided herein, neither Kroll, nor any of its professionals, has any materially adverse connection to the Debtors, their creditors or other relevant parties. Kroll may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which Kroll serves or has served in a neutral capacity as claims and noticing agent and/or administrative advisor for another chapter 11 debtor.

8. Certain of Kroll's professionals were partners of or formerly employed by firms that are providing or may provide professional services to parties in interest in these cases. Such firms include Kirkland & Ellis LLP; Weil, Gotshal & Manges LLP; O'Melveny & Myers LLP; Mayer Brown LLP; Fried, Frank, Harris, Shriver & Jacobson LLP; Bracewell LLP; Willkie Farr & Gallagher LLP; Jones Day; Shearman & Sterling LLP; Baker & Hostetler LLP; Togut, Segal & Segal LLP; Faegre Drinker Biddle & Reath LLP; KPMG LLP; PricewaterhouseCoopers LLP; Epiq Bankruptcy Solutions, LLC; Donlin, Recano & Company, Inc. and Kurtzman Carson

Consultants LLC. Except as may be disclosed herein, these professionals did not work on any matters involving the Debtors while employed by their previous firms. Moreover, these professionals were not employed by their previous firms when these chapter 11 cases were filed.

9. Kroll has and will continue to represent clients in matters unrelated to these chapter 11 cases. In addition, Kroll and its personnel have and will continue to have relationships personally or in the ordinary course of its business with certain vendors, professionals, financial institutions, and other parties in interest that may be involved in the Debtors' chapter 11 cases. Kroll may also provide professional services to entities or persons that may be creditors or parties in interest in these chapter 11 cases, which services do not directly relate to, or have any direct connection with, these chapter 11 cases or the Debtors.

10. Kroll, and its personnel in their individual capacities, regularly utilize the services of law firms, investment banking and advisory firms, accounting firms, and financial advisors. Such firms engaged by Kroll or its personnel may appear in chapter 11 cases representing the Debtor or parties in interest. All engagements where such firms represent Kroll or its personnel in their individual capacities are unrelated to these chapter 11 cases.

11. Kroll is an indirect subsidiary of Kroll, LLC ("Kroll Parent"). Kroll Parent is the world's premier provider of services and digital products related to governance, risk and transparency. Within the Kroll Parent corporate structure, Kroll operates independently from Kroll Parent. As such, any relationships that Kroll Parent and its affiliates maintain do not create an interest of Kroll's that is materially adverse to the Debtors' estates or any class of creditors or security holders. Kroll Parent is not currently identified on the Potential Parties in Interest list, but Kroll makes this disclosure out of an abundance of caution.

12. As part of its conflicts check process, Kroll submitted for review by each of its employees the list of Potential Parties in Interest provided by the Debtors to determine whether

any employee holds an adverse interest to any of the Debtors and/or is a "disinterested person," as such term is defined in the Bankruptcy Code. In addition, the employees of Kroll were asked to review their investment holdings, to the extent possible, to determine whether they have any direct or indirect ownership of the Debtors' securities. Upon information and belief, and upon such reasonable inquiry by Kroll and the results thereof, Kroll is not aware that any of its employees directly or indirectly own any debt or equity securities of a company that is a Debtor or of any of its affiliates. Moreover, Kroll has a policy prohibiting its employees from using confidential information that may come to their attention in the course of their work. In this regard, subject to non-discretionary Investment Funds (as defined below), all Kroll employees are barred from trading in securities with respect to matters in which Kroll is retained.

13. As a general matter, in the infrequent case when a Kroll employee may, directly or indirectly, own a debt or equity security of a company which may become or becomes a debtor or a debtor affiliate, such ownership would be substantially less than one percent of any such debtor or debtor affiliate. Additionally, from time to time, Kroll employees may personally invest in mutual funds, retirement funds, private equity funds, venture capital funds, hedge funds and other types of investment funds (the "Investment Funds"), through which such individuals may indirectly acquire a debt or equity security of many companies, one of which may be one of the Debtors or their affiliates. Any employee who has made any such investment does not manage or otherwise control such Investment Fund. The Investment Funds are managed by third parties, and Kroll employees that may invest in the particular Investment Fund have no influence, discretion, or control over the Investment Fund's decision to buy, sell or vote any particular debt or equity securities comprising the particular Investment Fund and in certain instances, employees may not be aware of the particular debt or equity securities comprising the particular Investment Fund.

14. Based on the foregoing, I believe that Kroll is a "disinterested person" as that term

is defined in section 101(14) of the Bankruptcy Code. Moreover, to the best of my knowledge and belief, neither Kroll nor any of its employees hold or represent any interest materially adverse to the Debtors' estates with respect to any matter upon which Kroll is to be engaged.

15. Kroll further declares that Kroll does not now have nor has it ever had any contract or agreement with XClaim Inc. or with any other party under which Kroll provides, provided, or will provide exclusive access to claims data and/or under which Kroll would be compensated for claims data made available by Kroll.

[*Remainder of page left blank intentionally*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

September 18, 2026

/s/ *James Daloia*
James Daloia
Senior Director
Kroll Restructuring Administration LLC
1 World Trade Center, 31st Floor
New York, NY 10007