**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| MERITAGE HOSPITALITY GROUP INC., *et al.*,[1] | ) | Case No. 26-02947 (JWB) |
| Debtors. | ) | (Joint Administration Requested) |

**DECLARATION OF KEVIN CLEARY IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, AND (III) SCHEDULING A FINAL HEARING (CITY NATIONAL BANK)**

I, Kevin Cleary, hereby declare under penalty of perjury:

1. I am the Chief Restructuring Officer of the above-captioned debtors and debtors in possession in the Chapter 11 Cases, and I am authorized to make this declaration.[2]

2. I am the managing partner and founder of Fort Dearborn Partners, which has provided strategic planning and profit improvement services to troubled companies for over 36 years. My experience includes service as interim chief executive officer or chief restructuring officer in manufacturing, printing, and distribution companies, among other industries, as well as serving as lead financial advisor in over eighty successful divestiture or distressed acquisition transactions. Before establishing Fort Dearborn Partners, I was partner in charge of the business and financial consulting practice at Grant Thornton in Chicago.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Meritage Hospitality Group Inc. (0460); MHG Food Service, Inc. (5926); OCM Development, LLC (7384); Wen Carolinas, LLC (3792); Wen Georgia, LLC (7369); Wen Ohio, LLC; (5959); Wen Oklahoma, LLC (8802); Wen South, LLC (1229); Wen Tennessee, LLC (2477); Wen Virginia, LLC (2840); WM Limited Partnership-1998 (9989); RES Management, LLC (9105); Inspired By Opportunity, LLC (3681); Uncommon Hospitality, LLC (8858); and Chicken Ventures, LLC (7215). The corporate headquarters and the mailing address for the Debtors is 45 Ottawa Ave SW Suite 600, Grand Rapids, MI 49503.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms as set forth in the *Declaration of Kevin Cleary in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") fully incorporated herein, or the Cash Collateral Motion.

3. I was retained by the Debtors on December 31, 2025. As Chief Restructuring Officer, I am generally familiar with the Debtors' day-to-day operations, business affairs, and books and records. I submit this declaration (the "Declaration") in support of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, and (III) Scheduling a Final Hearing (City National Bank)* (the "Cash Collateral Motion").[3]

4. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, my discussions with the Debtors' management team and advisors, information learned from my review of relevant documents, and information supplied to me by members of the Debtors' management team, and consultation with the Debtors' professional advisors, including other professionals of Fort Dearborn Partners, or my opinion based upon my experience, knowledge, and information concerning the Debtors' operations and financial condition. I am over the age of eighteen and am authorized to submit this Declaration on behalf of the Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

**The Debtors' Immediate Need for Access to Cash Collateral**

5. The Debtors require immediate access to Cash Collateral on an urgent basis. As of the Petition Date, the Debtors have less than $5,000,000 of cash on hand, which is insufficient to operate the Debtors through October 16, 2026. Facing a liquidity crisis, the Debtors, with the assistance of their advisors, including Fort Dearborn Partners, determined that they required immediate access to Cash Collateral to address their postpetition financing needs.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Cash Collateral Motion.

6. The following Debtors are obligors under the loan documents with City National Bank and the other lenders under such loan documents[4]: (a) Meritage Hospitality Group Inc.; (b) MHG Food Service, Inc.; (c) Wen Tennessee, LLC; (d) Inspired by Opportunity, LLC; (e) RES Management, LLC; (f) Wen Ohio, LLC; (g) Wen Carolinas, LLC; (h) Wen South, LLC; (i) Wen Oklahoma, LLC; (j) Wen Georgia, LLC; (k) WM Limited Partnership-1998; and (l) Wen Virginia, LLC (collectively, the "CNB Loan Debtors").

7. Access to Cash Collateral in accordance with the City National Bank Budget will provide the CNB Loan Debtors with the means to maintain operations (including in the immediate term) and to fund these chapter 11 cases in accordance with the City National Bank Budget through the budget period.

8. The CNB Loan Debtors must immediately access Cash Collateral in order to maximize the value of the estate. Without authorization to use Cash Collateral, the CNB Loan Debtors will not have sufficient liquidity to operate their business through their chapter 11 cases. In my view, absent the immediate access to Cash Collateral, the CNB Loan Debtors would suffer immediate and irreparable harm, and the value of their assets and businesses would be severely diminished to the detriment of all stakeholders.

9. As set forth in the City National Bank Budget, the proceeds of Cash Collateral will be used to fund general working capital, operational expenses, and restructuring expenses of the CNB Loan Debtors. I believe that immediate authorization to use Cash Collateral will enable the CNB Loan Debtors to stabilize their operations in the immediate term, while also allowing the CNB Loan Debtors to pursue an exit strategy and potential reorganization in the Chapter 11 Cases.

---

[4] The lenders are City National Bank, BMO Bank N.A., Lake Forest Bank & Trust Company, N.A., First Horizon Bank, The Huntington National Bank, SMBC Manubank, Intrust Bank, N.A., First Franchise Capital Corporation, and Old National Bank.

Access to Cash Collateral is vital to preserving the value of the CNB Loan Debtors' estates and to maximizing the likelihood of a value-maximizing reorganization.

10. Based on current projections and estimates, I believe that the CNB Loan Debtors' ability to access Cash Collateral will provide sufficient liquidity to support the CNB Loan Debtors' working capital needs and to operate in chapter 11. Absent access to Cash Collateral, the CNB Loan Debtors would be forced into immediate liquidation.

11. The CNB Loan Debtors, with the assistance of Fort Dearborn Partners, prepared an initial 4-week budget based on the CNB Loan Debtors' projected postpetition cash needs. The City National Bank Budget is attached as Exhibit A to the proposed Interim Order. In preparing the City National Bank Budget, Fort Dearborn Partners worked closely with the Debtors' management and the Debtors' other professional advisors. The City National Bank Budget contains line items for each category of cash flow anticipated to be received or disbursed during the identified period. I believe that the City National Bank Budget includes all reasonable, necessary, and foreseeable expenses to be incurred in connection with the operation of the CNB Loan Debtors' businesses for the period set forth in the City National Bank Budget. Further, I believe that the City National Bank Budget establishes that the CNB Loan Debtors will have adequate liquidity during the identified period to maintain operations and administer their cases.

12. Based on my experience and involvement in the consideration and negotiation of the use of Cash Collateral, I believe that the authorization to use Cash Collateral is the best available option, in the best interest of the CNB Loan Debtors' estates and stakeholders, and is necessary and appropriate under the circumstances. The terms of the Interim Order are the product of arm's-length negotiations. In light of the circumstances and the CNB Loan Debtors urgent need

for immediate liquidity and postpetition funding for these Chapter 11 Cases, the CNB Loan Debtors should be authorized to use Cash Collateral.

13. I believe that access to Cash Collateral will ensure the CNB Loan Debtors have sufficient funds to preserve and maximize the value of their estates, pursue their reorganization goals in the interim period, and responsibly administer these Chapter 11 Cases throughout the period that the CNB Loan Debtors expect will be necessary to implement and effectuate their restructuring efforts. I believe that entry of the Interim Order on an interim basis pending the Final Hearing will enable the CNB Loan Debtors to preserve and maximize value and avoid immediate and irreparable harm and prejudice to their estates and all parties in interest, pending the Final Hearing.

I declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: September 18, 2026

Kevin Cleary
Chief Restructuring Officer