IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| MERITAGE HOSPITALITY GROUP INC., *et al.*,[1] | ) | Case No. 26-02947 (JWB) |
| Debtors. | ) | (Jointly Administered) |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KROLL RESTRUCTURING ADMINISTRATION LLC AS CLAIMS, NOTICING, AND SOLICITATION AGENT**

*(Related to Docket No. 23)*

The above-captioned debtors and debtors in possession (collectively, the "Debtors") filed their application (the "Application")[2] for entry of an order (this "Order"), (a) authorizing the employment and retention of Kroll Restructuring Administration LLC ("Agent") as claims, noticing, and solicitation agent, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); that it may enter a final order consistent with Article III of the United States Constitution; that venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409; that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Meritage Hospitality Group Inc. (0460); MHG Food Service, Inc. (5926); OCM Development, LLC (7384); Wen Carolinas, LLC (3792); Wen Georgia, LLC (7369); Wen Ohio, LLC; (5959); Wen Oklahoma, LLC (8802); Wen South, LLC (1229); Wen Tennessee, LLC (2477); Wen Virginia, LLC (2840); WM Limited Partnership-1998 (9989); RES Management, LLC (9105); Inspired By Opportunity, LLC (3681); Uncommon Hospitality, LLC (8858); and Chicken Ventures, LLC (7215). The corporate headquarters and the mailing address for the Debtors is 45 Ottawa Ave SW Suite 600, Grand Rapids, MI 49503.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested at a hearing before this Court, and a hearing have been held on September 22, 2026 (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Debtors are authorized to employ Agent under the terms of the Engagement Agreement attached to the Application as modified by this Order.

2. The Debtors are authorized to pay Kroll the Retainer in the amount of $25,000 pursuant to the Engagement Agreement.

3. The Agent is authorized and directed to perform the services as described in the Application, the Engagement Agreement, and this Order. If a conflict exists, this Order controls.

4. The Agent may not sell bankruptcy data obtained through its role as the Agent to third parties.

5. The Clerk shall provide Agent with Electronic Case Filing ("ECF") credentials that allow Agent to receive ECF notifications, file certificates and/or affidavits of service.

6. The Agent is a custodian of court records and is designated as the authorized repository for all proofs of claim filed in these cases. Agent shall maintain the official Claims Register(s) in these cases. The Agent must make complete copies of all proofs of claims available to the public electronically without charge. Proofs of Claims and all attachments may be redacted only as ordered by the Court.

7. The Agent shall provide the Clerk with a certified duplicate of the official Claims Register(s) upon request. The Agent shall provide the Clerk, upon request, with a certified

duplicate of the official Claims Register(s) in the digital format specified by the Clerk.

8. The Agent shall provide (i) an electronic interface for filing proofs of claim in these cases; and (ii) a post office box or street mailing address for the receipt of proofs of claim sent by United States Mail or overnight delivery.

9. The Agent is authorized to take such other actions as are necessary to comply with all duties and provide the Services set forth in the Application and the Engagement Agreement; Kroll's services with respect to the preparation of the schedules and statements of financial affairs will be limited to recording information provided by the Debtors.

10. The Agent shall provide detailed invoices setting forth the services provided and the rates charged on a monthly basis to the Debtors, their counsel, the Office of the United States Trustee, counsel for any official committee, and any party in interest who specifically requests service of the monthly invoices in writing.

11. The Agent shall not be required to file fee applications. Upon receipt of Agent's invoices, the Debtors are authorized to compensate and reimburse Agent for all undisputed amounts in the ordinary course in accordance with the terms of the Engagement Agreement. All amounts due to the Agent will be treated as § 503(b) administrative expenses. The Agent may apply its advance in accordance with the Engagement Agreement and the terms of this Order.

12. The Debtors shall indemnify Agent under the terms of the Engagement Agreement, as modified and limited by this Order. Notwithstanding the foregoing, the Agent may only be indemnified for claims, noticing and solicitation agent activities and is not indemnified for, and may not receive any contribution or reimbursement with respect to the following:

a. For matters or services arising before this case is closed, any matter or service not approved by an order of this Court.

b. Unauthorized marketing activities or data or privacy breaches.

c. Any matter that is determined by a final order of a Court of competent jurisdiction that arises from (i) the Agent's gross negligence, willful misconduct, fraud, bad faith, self-dealing, or breach of fiduciary duty (ii) a contractual dispute if the court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; or (iii) any situation in which the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002). No matter governed by this paragraph may be settled without this Court's approval.

d. This paragraph does not preclude Agent from seeking an order from this Court requiring the advancement of indemnity, contribution or reimbursement obligations in accordance with applicable law.

13. The Agent shall not cease providing services during these Complex Cases for any reason, including nonpayment, without an order of the Court. In the event Agent is unable to provide the Services set out in this Order and/or the Engagement Agreement, Agent will immediately notify the Clerk and the Debtors' attorney and cause all original proofs of claim and data turned over to such persons as directed by the Court.

14. Notwithstanding the terms of the Engagement Agreement, paragraph 10 of the Engagement Agreement is stricken.

15. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

16. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order. The scope of Agent's services may be altered only on separate motion and further order of this Court.

**END OF ORDER**

*Order prepared and submitted by:*

**MCDONALD HOPKINS LLC**
Scott N. Opincar
Michael J. Kaczka
Maria G. Carr (admitted *pro hac vice*)
600 Superior Ave. East, Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Email: sopincar@mcdonaldhopkins.com
mkaczka@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com

*Proposed Counsel for the Debtors*
*and Debtors in Possession*

**IT IS SO ORDERED.**

**Dated September 24, 2026**

40194217.1

UNITED STATES BANKRUPTCY COURT WESTERN DISTRICT OF MICHIGAN

James W. Boyd
United States Bankruptcy Judge