**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| MERITAGE HOSPITALITY GROUP INC., *et al.*,[1] | ) | Case No. 26-02947 (JWB) |
| Debtors. | ) | (Jointly Administered) |

# DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KEATING MUETHING & KLEKAMP PLL AS SPECIAL SECURITIES REGULATION AND CORPORATE GOVERNANCE COUNSEL TO THE DEBTORS PURSUANT TO 11 U.S.C. § 327(e), EFFECTIVE AS OF SEPTEMBER 17, 2026

Meritage Hospitality Group Inc. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") move this Court (the "Application") for entry of an order authorizing the Debtors to employ and retain Keating Muething & Klekamp PLL ("KMK") as special securities regulation and corporate governance counsel to the Debtors pursuant to 11 U.S.C. § 327(e), effective as of September 17, 2026 (the "Petition Date"). In support of this Application, the Debtors represent as follows:

## JURISDICTION AND BACKGROUND

1. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Michigan (the "Court"). The Debtors continue to

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Meritage Hospitality Group Inc. (0460); MHG Food Service, Inc. (5926); OCM Development, LLC (7384); Wen Carolinas, LLC (3792); Wen Georgia, LLC (7369); Wen Ohio, LLC; (5959); Wen Oklahoma, LLC (8802); Wen South, LLC (1229); Wen Tennessee, LLC (2477); Wen Virginia, LLC (2840); WM Limited Partnership-1998 (9989); RES Management, LLC (9105); Inspired By Opportunity, LLC (3681); Uncommon Hospitality, LLC (8858); and Chicken Ventures, LLC (7215). The corporate headquarters and the mailing address for the Debtors is 45 Ottawa Ave SW Suite 600, Grand Rapids, MI 49503.



40218132.1

operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed.

2. This Court has jurisdiction over this Application pursuant to 28 U.S.C. sections 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. section 157(b). Venue is proper in this District pursuant to 28 U.S.C. sections 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Code sections 327(e), 328, 330, and 331, Bankruptcy Rules 2014 and 2016, and the Court's Local Rules.

4. Additional information regarding the Debtors' business operations, capital structure, and the events leading to the commencement of these chapter 11 cases is set forth in further detail in the *Declaration of Kevin Cleary, Chief Restructuring Officer of Meritage Hospitality Group Inc., in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 34] (the "First Day Declaration") and incorporated herein by reference.

**BASIS FOR RELIEF UNDER 11 U.S.C. § 327(e)**

5. Section 327(e) of the Bankruptcy Code provides, in pertinent part:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

6. Unlike section Bankruptcy Code 327(a), which requires that professionals retained as general counsel to the estate be "disinterested" as that term is defined in Bankruptcy Code section 101(14), section 327(e) imposes a more limited standard. Under section 327(e), the professional need only demonstrate that it does not hold or represent an interest adverse to the debtor's estate with respect to the matter on which the professional is to be employed.

7. KMK's proposed engagement satisfies the requirements of section 327(e) because: (a) KMK is being retained for a "specified special purpose" — to provide securities regulation and corporate governance counsel — and not to represent the Debtors in conducting these chapter 11 cases; (b) KMK has represented the Debtors prepetition, having represented the Debtors since 1996 on securities regulation, inquires by the U.S. Securities and Exchange Commission ("SEC") and corporate governance matters; (c) it is in the best interest of the Debtors' estates to retain KMK given KMK's institutional knowledge and specialized expertise; and (d) KMK does not represent or hold any interest adverse to the Debtors or to the Debtors' estates with respect to the matters on which KMK is to be employed.

8. KMK's role as special securities regulation and corporate governance counsel is distinct from and does not duplicate the services to be provided by McDonald Hopkins LLC, which serves as the Debtors' general bankruptcy counsel in these chapter 11 cases. KMK will not represent the Debtors in conducting these cases or in any matters related to the administration of the Debtors' bankruptcy estates.

9. Further, Bankruptcy Code section 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

10. Where counsel has already been engaged in a representation that is the subject of a section 327(e) application, continuing the representation weighs in favor of a finding that the retention is in the "best interests" of the estate. *See, e.g., Phila. Newspapers, LLC v. Official Comm. of Unsecured Creditors*, 408 B.R. 585, 600-01 (E.D. Pa. 2009) (reversing bankruptcy court's order denying retention of section 327(e) special counsel where counsel was "uniquely qualified to

advise the Debtors in connection with the matter because it represented the Debtors prepetition and was 'intimately familiar with the complex legal issues'"); *Stapleton v. Woodworkers Warehouse, Inc. (In re Woodworkers Warehouse, Inc.)*, 323 B.R. 403, 406-07 (D. Del. 2005) ("[T]he purpose behind Section 327(e) . . . is to avoid the 'unnecessary duplication of services at the expense of the estate'" and courts must consider "the history and relationship between the debtor and the proposed special counsel, the expense of replacement counsel, [and] potential conflicts of interest") (quoting *In re DeVlieg, Inc.*, 174 B.R. 497, 503 (N.D. Ill. 1994)); *In re AroChem Corp*., 176 F.3d 610, 622 (2d Cir. 1999) ("where the interest of the special counsel and the interest of the estate are identical with respect to the matter for which special counsel is retained, there is no conflict and the representation can stand"); *Meespierson Inc. v. Strategic Telecom Inc*., 202 B.R. 845, 849-50 (D. Del. 1996) (recognizing "[t]he potential detriment to the debtor from removal of existing counsel"); *In re Bowman*, 181 B.R. 836, 847 (Bankr. D. Md. 1995) (approving retention and noting where counsel is "already familiar with the litigation . . . appointing different counsel could cause needless and wasteful expense and delay to the estate"). These cases comport with the concept that a debtor in possession is entitled to the counsel of its choosing. *See In re Vouzianas*, 259 F.3d 103, 108 (2d Cir. 2001) ("[O]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel.")

11. The Debtors believe that both the interruption and the duplicative cost in obtaining substitute counsel to replace KMK's unique role at this juncture would be harmful to the Debtors and their estates. KMK has served as the Debtors' securities regulation and corporate governance counsel for several years. If the Debtors were required to retain counsel other than KMK for these specialized matters, the Debtors, their estates, and all parties in interest would be prejudiced by the time and expense necessary for other counsel to develop the institutional knowledge that KMK

already possesses. Accordingly, KMK's retention satisfies all four prerequisites for retention of special counsel under section 327(e).

**KMK'S PROPOSED SCOPE OF SERVICES**

12. Subject to Court approval and in accordance with KMK's engagement letter, the Debtors propose to retain KMK as special securities regulation and corporate governance counsel to provide the following services:

(a) Advising the Debtors on matters of corporate governance, including fiduciary duties of officers and directors, bylaws and articles of incorporation, committee authority and structure, and applicable state corporation law compliance;

(b) Advising and representing the Debtors in connection with other securities regulation matters, including federal securities regulation and applicable stock exchange (i.e., Over The Counter Markets) and public reporting obligations (including current, quarterly and annual reporting obligations), and compliance with the Exchange Act;

(c) Assisting with corporate governance documentation, including board resolutions, bylaw amendments, and required shareholder communications; and

(d) Such other corporate governance and securities regulatory matters as may arise during these chapter 11 cases.

KMK's services were and are necessary immediately upon the commencement of these chapter 11 cases given the Debtors' ongoing SEC reporting and other obligations and the continuous corporate governance needs of a publicly traded debtor.

**KMK'S QUALIFICATIONS**

13. KMK is a nationally recognized law firm with its office in Cincinnati, Ohio. KMK has extensive experience in securities regulation, corporate governance, SEC regulatory matters and related litigation, and public company compliance.

14. KMK was engaged prepetition by the Meritage Hospitality Group Inc. ("MHGI") in 1996 to render legal services related to its compliance with federal securities regulations and stock exchange listing requirements when it was at the time filing reports with the SEC pursuant to the requirements of the Securities Exchange Act of 1934, as amended (the "Exchange Act") and the OTC Bulletin Board of the Nasdaq Stock Market. KMK's engagements with MHGI since 1996 have included services with respect to corporate governance matters, capital markets transactions, acquisitions and divestitures, and ongoing compliance with federal securities regulations and stock exchange listing requirements.

15. KMK has served as securities regulation and corporate governance counsel to the Company since 1996, advising on SEC reporting, compliance and regulatory inquiries, fiduciary duties of officers and directors, bylaw interpretation, and related matters.

16. In support of this Application, the Debtors submit the Declaration of F. Mark Reuter (the "KMK Declaration"), attached hereto as Exhibit A, which sets forth in greater detail KMK's qualifications, the services to be provided, the professionals who may be involved in providing such services, and the rates to be charged for such services. The Debtors also submit the declaration Kevin Cleary, the Chief Restructuring Officer of each of the Debtors (the "Cleary Declaration"), which is attached hereto as Exhibit B.

**KMK DOES NOT HOLD OR REPRESENT AN ADVERSE INTEREST**

17. As set forth in the KMK Declaration, to the best of the Debtors' knowledge, KMK does not hold or represent any interest adverse to the Debtors' estates with respect to the matters on which KMK is to be employed.

18. The Debtors acknowledge that KMK has a prepetition claim against the Debtors for services rendered prior to the Petition Date, which claim will be scheduled as a general unsecured claim. Courts have widely recognized that the existence of a prepetition claim does not, standing alone, create an adverse interest under section 327(e). *See, e.g., In re AroChem Corp.*, 176 F.3d 610, 623 (2d Cir. 1999); *In re Rusty Jones, Inc.*, 134 B.R. 321, 346 (Bankr. N.D. Ill. 1991). KMK's prepetition claim does not give rise to an interest materially adverse to the Debtors' estates and does not disqualify KMK from serving as special counsel under section 327(e).

19. The KMK Declaration sets forth all of KMK's connections with the Debtors, creditors, and other parties in interest in these chapter 11 cases, as required by Bankruptcy Rule 2014.

**COMPENSATION AND REIMBURSEMENT OF EXPENSES**

20. KMK will be compensated in accordance with its customary hourly rates in effect at the time services are rendered. KMK's current standard hourly rates for the professionals expected to be primarily responsible for this engagement are set forth in the KMK Declaration. KMK's rates are subject to periodic adjustment in the ordinary course of its business.

21. KMK will also seek reimbursement of actual, reasonable, and necessary out-of-pocket expenses incurred in connection with the services provided to the Debtors.

22. All compensation and expense reimbursement payable to KMK shall be subject to approval by this Court pursuant to Bankruptcy Code sections 330 and 331. KMK will file interim

and final fee applications in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, and any applicable orders entered in these cases, including any order establishing interim compensation procedures.

**NOTICE**

23. The Debtors will provide notice of this Application to the following parties or their respective counsel: (a) the U.S. Trustee for the Western District of Michigan; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the prepetition lenders; (d) the Office of the United States Attorney for the Western District of Michigan; (e) the state attorneys general for states in which the Debtors conduct business; (f) the Internal Revenue Service; (g) OTC Markets Group; (h) the Environmental Protection Agency; (i) other governmental agencies having a regulatory or statutory interest in these cases; (j) Quality Is Our Recipe, LLC; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page left blank intentionally*]

WHEREFORE, the Debtors request that the Court enter an Order, substantially in the form attached hereto: (a) authorizing the Debtors to employ and retain KMK as special securities regulation and corporate governance counsel to the Debtors pursuant to 11 U.S.C. § 327(e) as more particularly set forth above and in the KMK Declaration, effective as of September 17, 2026; (b) authorizing KMK to be compensated and reimbursed in accordance with sections 330 and 331 of the Bankruptcy Code; and (c) granting such other and further relief as this Court deems just and proper.

September 29, 2026

*/s/*
Kevin Cleary
Chief Restructuring Officer
Meritage Hospitality Group Inc.



40218132.1