**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERITAGE HOSPITALITY GROUP, INC., *et al.*,[1] | ) | Case No. 26-02947 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING DEBTORS TO REJECT CERTAIN (A) UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (B) EXECUTORY CONTRACTS, EFFECTIVE AS OF THE FILING DATE**
*(Related to Docket No. _)*

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing, but not directing, the Debtors to reject certain (i) unexpired leases for non-residential real property, set forth on Schedule 1 hereto (such leases, collectively, the "Rejected Leases") and (ii) executory contracts set forth on Schedule 2 hereto (such contracts, collectively, the "Rejected Contracts" and, together with the Rejected Leases, the "Rejected Agreements"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is permissible pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Meritage Hospitality Group, Inc. (0460); MHG Food Service, Inc. (5926); OCM Development, LLC (7384); Wen Carolinas, LLC (3792); Wen Georgia, LLC (7369); Wen Ohio, LLC (5959); Wen Oklahoma, LLC (8802); Wen South, LLC (1229); Wen Tennessee, LLC (2477); Wen Virginia, LLC (2840); WM Limited Partnership-1998 (9989); RES Management, LLC (9105); Inspired By Opportunity, LLC (3681); Uncommon Hospitality, LLC (8858); and Chicken Ventures, LLC (7215). The corporate headquarters and the mailing address for the Debtors is 45 Ottawa Ave SW Suite 600, Grand Rapids, MI 49503.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in support of the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT,

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Rejected Leases and Rejected Contracts set forth on **Schedule 1** and **Schedule 2** hereto, respectively, shall be deemed rejected by the Debtors effective as of the Filing Date.

3. If the Debtors have deposited monies with a counterparty to a Rejected Agreement as a security deposit or other arrangement, such counterparty may not setoff or recoup or otherwise use such deposit without the prior authority of this Court.

4. Any person or entity that holds a claim arising from the rejection of the Rejected Agreements must file a proof of claim for rejection damages claims, if any, on or before the later of: (a) the general deadline established for filing proofs of claim for these Chapter 11 Cases and (b) thirty days after the entry of this Order, or else be forever barred from asserting such claim.

5. All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising from the rejection of a Rejected Agreement, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular agreement is terminated and is no longer an executory contract.

6. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume or adopt any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

7. The requirements in Bankruptcy Rules 6006 and 6007 are satisfied.

8. Notice of the Motion as provided therein shall be deemed good and sufficient and satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

9. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**END OF ORDER**

*Order prepared and submitted by:*

**MCDONALD HOPKINS LLC**
Scott N. Opincar
Michael J. Kaczka
Maria G. Carr (admitted *pro hac vice*)
600 Superior Ave. East, Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Email: sopincar@mcdonaldhopkins.com
mkaczka@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com

*Proposed Counsel for the Debtors*
*and Debtors in Possession*

**Schedule 1**
**List of Rejected Leases[7]**

| NO. | DEBTOR | COUNTERPARTY | COUNTERPARTY ADDRESS | REJECTED AGREEMENT AND PROPERTY | REJECTION DATE |
|---|---|---|---|---|---|
| 1 | Wen Oklahoma LLC | Gorwen Cushing LLC | 20 Tukahoe Road<br>Yonkers, NY 10710 | Lease Agreement<br>Store #442 Cushing<br>1415 East Main Street<br>Cushing, OK 74023 | 10/2/26 |
| 2 | Inspired by Opportunity LLC | Charley & Darlene Properties, LLC | 375 S. Roosevelt Street<br>Chesterton, IN 46304 | Lease Agreement<br>Store #323 Laporte<br>1202 Lincolnway West<br>La Porte, IN 46350 | 10/2/26 |
| 3 | Wen Georgia LLC | Kali Orexi LLC | 30th 5th St. NW<br>Atlanta, GA 30308 | Lease Agreement<br>Store #89 5 Forks<br>4029 Five Forks Trickum Road<br>Lilburn, GA 30047 | 10/2/26 |
| 4 | Wen South LLC | Wendy's Apalachee Parkway, LLC | PO Box 16157<br>Tallahassee, FL 32317 | Lease Agreement<br>Store #153 Apalachee<br>1901 Apalachee Parkway<br>Tallahassee, FL 32301 | 10/2/26 |
| 5 | Wen South LLC | Roses Place, LLC | 51 Urbana St<br>Staten Island, NY 10304 | Lease Agreement<br>Store #123 Orange Park<br>753 Park Avenue<br>Orange Park, FL 32073 | 10/2/26 |

[7] The Rejected Leases referenced herein include any amendments, modifications, subleases, termination agreements, or other ancillary documents related thereto, each as may have been amended, modified, or supplemented from time to time and together with any schedules thereto.

**Schedule 2**
**List of Rejected Contracts**[8]

| NO. | DEBTOR | COUNTERPARTY | COUNTERPARTY ADDRESS | REJECTED AGREEMENT AND PROPERTY | REJECTION DATE |
|---|---|---|---|---|---|
| 6 | Wen Oklahoma LLC | Quality Is Our Recipe, LLC | One Dave Thomas Blvd., Dublin, OH 43017 | Lease Agreement<br>Store #442 Cushing<br>1415 East Main Street<br>Cushing, OK 74023 | 10/2/26 |
| 7 | Inspired by Opportunity LLC | Quality Is Our Recipe, LLC | One Dave Thomas Blvd., Dublin, OH 43017 | Lease Agreement<br>Store #323 Laporte<br>1202 Lincolnway West<br>La Porte, IN 46350 | 10/2/26 |
| 8 | Wen Georgia LLC | Quality Is Our Recipe, LLC | One Dave Thomas Blvd., Dublin, OH 43017 | Lease Agreement<br>Store #89 5 Forks<br>4029 Five Forks Trickum Road<br>Lilburn, GA 30047 | 10/2/26 |
| 9 | Wen South LLC | Quality Is Our Recipe, LLC | One Dave Thomas Blvd., Dublin, OH 43017 | Lease Agreement<br>Store #153 Apalachee<br>1901 Apalachee Parkway<br>Tallahassee, FL 32301 | 10/2/26 |
| 10 | Wen South LLC | Quality Is Our Recipe, LLC | One Dave Thomas Blvd., Dublin, OH 43017 | Lease Agreement<br>Store #123 Orange Park<br>753 Park Avenue<br>Orange Park, FL 32073 | 10/2/26 |

[8] The Rejected Contracts referenced herein include any agreements, subcontracts, riders, schedules, certificates, memoranda, amendments, supplements, guaranties, purchase orders, work orders, change orders, or other ancillary documents related thereto, each as may have been amended, modified, or supplemented from time to time and together with any schedules thereto.