**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| In re: | Chapter 11 |
| MERITAGE HOSPITALITY GROUP, INC. *et. al.*,[1] | Case No. 26-02947-jwb |
| | (Jointly Administered) |
| Debtors. | |
| ____________________________________/ | |

**CREDITOR QUALITY IS OUR RECIPE, LLC'S LIMITED OBJECTION AND RESERVATION OF RIGHTS TO DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING REJECTION OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS**

Creditor Quality is Our Recipe, LLC ("QIOR"), by and through its undersigned counsel, submits this limited objection and reservation of rights (the "Objection") to the *Debtors' First Omnibus Motion for Entry of Order Authorizing Rejection of Certain (A) Unexpired Leases of Nonresidential Real Property and (B) Executory Contracts, Effective as of the Date of the Motion* [Docket No. 121] (the "Motion"). In support, QIOR states as follows:

## INTRODUCTION

1. QIOR does not object to the Debtors' discontinuation of operations at the locations addressed in the Motion. QIOR objects only to the extent the Motion or proposed order could be construed as determining that the franchise agreements identified on Schedule 2 to the proposed

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Meritage Hospitality Group Inc. (0460); MHG Food Service, Inc. (5926); OCM Development, LLC (7384); Wen Carolinas, LLC (3792); Wen Georgia, LLC (7369); Wen Ohio, LLC; (5959); Wen Oklahoma, LLC (8802); Wen South, LLC (1229); Wen Tennessee, LLC (2477); Wen Virginia, LLC (2840); WM Limited Partnership-1998 (9989); RES Management, LLC (9105); Inspired By Opportunity, LLC (3681); Uncommon Hospitality, LLC (8858); and Chicken Ventures, LLC (7215). The corporate headquarters and the mailing address for the Debtors is 45 Ottawa Ave SW Suite 600, Grand Rapids, MI 49503.

order (the "Franchise Agreements") remained in effect or constituted executory contracts capable of rejection as of the Petition Date.

2. QIOR terminated the Franchise Agreements on September 16, 2026, effective immediately, before the Debtors commenced these Chapter 11 Cases on September 17, 2026. Accordingly, the Franchise Agreements were not executory contracts of the Debtors on the Petition Date and cannot be assumed or rejected under section 365 of the Bankruptcy Code.

3. QIOR therefore requests that any order granting the Motion expressly preserve QIOR's position and provide that neither the Motion nor the order determines the validity or effectiveness of the prepetition termination of the franchise agreements or prejudices QIOR's rights, claims, defenses, or remedies in connection with the termination of the franchise agreements.

## BACKGROUND

4. The Debtors commenced these chapter 11 cases on September 17, 2026 (the "Petition Date").

5. The Motion seeks authority to reject certain franchise agreements with QIOR relating to the stores identified on Schedule 2 of the Motion and proposed Order, effective September 25, 2026.

6. Before the Petition Date, QIOR delivered a termination notice stating that the Debtors' rights under the Franchise Agreements were terminated in their entirety, effective immediately, based on uncured payment defaults and defaults under the parties' forbearance arrangement.

7. The termination notice also demanded compliance with the Franchise Agreements' post-termination obligations, including cessation of the use of the Wendy's system

and proprietary marks, de-identification, return of confidential materials, and compliance with applicable restrictive covenants and indemnification obligations.

**ARGUMENT**

8. 11 U.S.C. § 365(a) authorizes a debtor in possession, subject to court approval, to assume or reject an executory contract.

9. However, a contract terminated before bankruptcy is not resurrected by the bankruptcy filing, and a debtor in possession may assume only a contract under which it held rights or obligations when the case commenced. *In re Tirenational Corp*., 47 B.R. 647, 653 (Bankr. N.D. Ohio 1985).

10. Courts routinely find that where a contract is validly terminated before the petition date, such a contract is not property of the estate and will not be subject to section 365 of the Bankruptcy Code. *See In re Neely Grp., Inc.*, Case No. 24 B 3859, 2024 WL 2946219 at *3 (Bankr. N.D. Ill. June 11, 2024) (noting that while a "debtor's franchise agreement is generally considered property of the debtor's bankruptcy estate . . . [i]f the agreement was terminated prepetition . . . it does not become estate property."); *Counties Contracting & Constr. Co. v. Constitution Life Ins. Co.,* 855 F.2d 1054, 1061 (3d Cir. 1988) (concluding that "[a] contract may not be assumed under § 365 if it has already expired according to its terms."); *In re Jim Palmer Equip., Inc.*, No. 08-60892-11, 2008 WL 5869690, at *6 (Bankr. D. Mont. Nov. 25, 2008) ("A contract or lease terminated prepetition cannot be property of the estate, nor can the right to assume the terminated contract be viewed as property of the estate, and § 365 should not be permitted to resurrect a terminated contract."); *In re P.I.N.E., Inc.*, 52 B.R. 463, 465 (Bankr. W.D. Mich. 1985) ("[T]he law is clear that a contract or lease which has expired prior to the bankruptcy filing leaves the debtor with nothing to assume or reject." (internal citations omitted)).

11. QIOR maintains that the Franchise Agreements were terminated before the Petition Date and therefore were not executory contracts subject to assumption or rejection. The Court need not resolve that issue to authorize the Debtors to discontinue performance or close the identified locations.

12. The proposed order already preserves the Debtors' ability to assert that an agreement was terminated and was no longer executory. The same reservation should apply expressly to QIOR. Nothing in the order should characterize the Franchise Agreements as executory, determine their status as of the Petition Date, or adjudicate the validity or effectiveness of QIOR's prepetition termination.[2]

13. Finally, if the Court authorizes rejection, the order should clarify that such relief is without prejudice to QIOR's rights, claims, defenses, and remedies arising from the prepetition termination, the Debtors' defaults, and the Debtors' post-termination obligations under the franchise agreements. This clarification is consistent with Section 365(g), under which rejection is treated as a breach rather than as a determination that the agreement remained in force until rejection.

## CONCLUSION

For the reasons stated above, QIOR requests that the Court (i) deny the entry of the proposed Order submitted by the Debtors, and condition entry of any order granting this Motion on the inclusion of clarifying language that such Order shall not be construed as 1) a determination that any franchise agreement with QIOR was in effect or constituted an executory contract as of

[2] The pre-petition Termination Notice provided from QIOR to the Debtors included notice that the collective leases were under default and that an approximate aggregate $50 million of rent became due and outstanding under the lease agreements. QIOR intends to file a proof of claim in connection with the damages arising from the rejection of any lease agreements, reserving all rights relating to the legal effect of prepetition termination of the franchise agreements.

the Petition Date or thereafter; 2) shall not be construed as a determination concerning the validity or effectiveness of any prepetition termination of such franchise agreement; or 3) as a waiver, limitation, adjudication, or prejudice of any rights, claims, defenses, or remedies of QIOR or any Debtor concerning such franchise agreement, its termination, or any obligations arising before or after termination, and that all rights, claims, defenses, remedies, and issues are preserved as to QIOR on this matter, and (ii) granting QIOR such other relief as the Court deems just and proper.

Dated: October 9, 2026

**KELLER & ALMASSIAN, PLC**

/s/ Greg J. Ekdahl
A. Todd Almassian (P55467)
Greg J. Ekdahl (P67768)
Nicholas S. Laue (P79260)
Sarah A. LaSata (P86415)
230 E. Fulton Street
Grand Rapids, MI 49503
(616) 364-2100
talmassian@kalawgr.com
gekdahl@kalawgr.com
nlaue@kalawgr.com
slasata@kalawgr.com

-and-

**GREENBERG TRAURIG, LLP**

/s/ Nathan A. Haynes
Nathan A. Haynes (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9200
Email: HaynesN@gtlaw.com

*Counsel for Quality Is Our Recipe, LLC*