**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERITAGE HOSPITALITY GROUP INC., *et al.*,[1] | ) | Case No. 26-02947 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' FOURTH OMNIBUS MOTION FOR ENTRY OF ORDER, AUTHORIZING REJECTION OF CERTAIN (A) UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (B) EXECUTORY CONTRACTS, EFFECTIVE AS OF OCTOBER 16, 2026**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (the "Motion"):

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "Proposed Order"), authorizing, but not directing, the Debtors to reject, effective as of October 16, 2026, the date of the filing of this Motion (the "Filing Date"), those certain burdensome (i) unexpired leases for non-residential real property, including, without limitation, any amendments, modifications, subleases, termination agreements, or other ancillary documents related thereto, set forth on **Schedule 1** to the Proposed Order (such leases, collectively, the "Rejected Leases") and (ii) executory contracts set forth on **Schedule 2** to the Proposed Order (such contracts, collectively, the "Rejected Contracts"), and, together with the Rejected Leases, the "Rejected Agreements") relating to the Debtors' ten store locations that are closing as of the

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Meritage Hospitality Group Inc. (0460); MHG Food Service, Inc. (5926); OCM Development, LLC (7384); Wen Carolinas, LLC (3792); Wen Georgia, LLC (7369); Wen Ohio, LLC (5959); Wen Oklahoma, LLC (8802); Wen South, LLC (1229); Wen Tennessee, LLC (2477); Wen Virginia, LLC (2840); WM Limited Partnership-1998 (9989); RES Management, LLC (9105); Inspired By Opportunity, LLC (3681); Uncommon Hospitality, LLC (8858); and Chicken Ventures, LLC (7215). The corporate headquarters and the mailing address for the Debtors is 45 Ottawa Ave SW Suite 600, Grand Rapids, MI 49503.

Filing Date, consistent with the schedule set forth in the *Interim Order (i) Authorizing Interim Use of Cash Collateral, (ii) Granting Adequate Protection and Related Relief and (iii) Scheduling a Final Hearing* [Docket No. 103] and the *Second Interim Order (i) Authorizing Interim Use of Cash Collateral, (ii) Granting Adequate Protection and Related Relief and (iii) Scheduling a Final Hearing* [Docket No. 256] (collectively, the "City National Bank Cash Collateral Orders").

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Western District of Michigan (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 365, and 554 of title 11 of the United States Code (the "Bankruptcy Code"), rules 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013 of the Local Bankruptcy Rules for the Western District of Michigan (the "Local Rules").

**Background**

5. On September 17, 2026 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases (the "Chapter 11 Cases") are being jointly administered at Case No. 26-02947.

6. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On September 30, 2026, the U.S. Trustee appointed the official committee of unsecured creditors (the "Committee") [Docket No. 141].

8. A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' Chapter 11 Cases, is set forth in the *Declaration of Kevin Cleary, Chief Restructuring Officer of Meritage Hospitality Group Inc., in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 34] (the "First Day Declaration"), which is fully incorporated by reference herein.[2]

**I. The Rejected Agreements**

9. The Debtors are a large franchisee operation which primarily operate Wendy's franchised restaurant locations throughout the United States. The Debtors operate a substantial majority of their restaurant locations pursuant to real property lease agreements between the Debtors and the applicable landlords and franchise agreements with Quality Is Our Recipe, LLC (Wendy's International). After careful review, the Debtors have determined that the Debtors' locations they previously leased pursuant to the Rejected Leases (collectively, the "Rejected Premises") are no longer necessary for their business operations, are not beneficial to their estates, and the Rejected Leases subject the Debtors to unnecessary and burdensome rent and related liabilities. As contemplated in the City National Bank Cash Collateral Orders, the Debtors are closing ten additional Rejected Premises in the City National Bank collateral pool as of the date of the filing of this Motion,[3] and City National Bank has required such closures as additional adequate protection in exchange for the Debtors' use of cash collateral. The Debtors are also closing three Rejected Premises that are part of Old National Bank's collateral pool for the same reasons. Therefore, the Debtors have determined that rejecting the Rejected Leases and Rejected

[2] Capitalized terms used but not otherwise defined in this Motion have the meanings ascribed to them in the First Day Declaration.

[3] The Debtors previously closed twenty other locations and moved to reject the related leases and contracts on September 25, 2026, October 2, 2026, and October 9, 2026 consistent with this schedule. *See* Docket Nos. 121, 154, and 208.

Contracts, effective as of the Filing Date, is an appropriate exercise of their business judgment and in the best interest of their estates.

10. In addition, the Debtors have identified certain contracts, including franchise agreements relating to the additional closed restaurant locations, that are no longer necessary for their go-forward business operations. Maintaining these franchise agreements would subject the Debtors to ongoing obligations, fees, and other liabilities for locations that are no longer operational. The Debtors have determined that rejecting these agreements is a sound exercise of their business judgment and in the best interests of their estates. As a result, the Debtors have determined that maintaining the Rejected Contracts would be burdensome to their estates.

## <u>Basis For Relief</u>

### A. Rejection of the Rejected Agreements Is a Sound Exercise of the Debtors' Business Judgment

11. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "[T]he authority to reject an executory contract is vital to the basic purpose to a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization." *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984) (superseded by statute on other grounds). "Section 365(a) enables the debtor (or its trustee), upon entering bankruptcy, to decide whether the contract is a good deal for the estate going forward." *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 587 U.S. 370, 373 (2019).

12. Generally, a bankruptcy court reviews a debtor's decision to assume or reject an executory contract under the deferential "business judgment" standard. *See In re Beare Co.*, 177 B.R. 879, 882 (Bankr. W.D. Tenn. 1994); *see also In re Federated Dept. Stores, Inc.*, 131 B.R.



40302706.2

808, 811 (Bankr. S.D. Ohio 1991) ("Courts traditionally have applied the business judgment standard in determining whether to authorize the rejection of executory contracts and unexpired leases"); *see also In re HQ Global Holdings, Inc.*, 290 B.R. 507, 513 (Bankr. D. Del. 2003) (stating that a debtor's decision to reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the "product of bad faith, whim, or caprice"). Once a debtor states a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992).

13. The business-judgment rule is crucial in chapter 11 cases and shields a debtor's management from judicial second-guessing. *See Comm. of Asbestos Related Litigants and/or Creditors v. Johns-Manville Corp.*, 60 B.R. 612, 615–16 (Bankr. S.D.N.Y. 1986) ("The Code favors the continued operation of a business by a debtor and a presumption of reasonableness attached to a debtor's management decisions."). Generally, courts defer to a debtor in possession's business judgment to reject a lease. *See, e.g.*, *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984); *In re Minges*, 602 F.2d 38, 43 (2d Cir. 1979); *In re Riodizio*, 204 B.R. 417, 424–25 (Bankr. S.D.N.Y. 1997); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994).

14. Upon finding that a debtor has exercised its sound business judgment in determining that rejection of the rejected contracts and leases in the best interests of the debtor and its estate, a court should approve the proposed rejections under section 365(a) of the Bankruptcy Code. *See Allied Tech., Inc. v. R.B. Brunemann & Sons, Inc.*, 25 B.R. 484, 495 (Bankr. S.D. Ohio 1982) ("Court approval of a debtor in possession's decision . . . should only be withheld if the



40302706.2

debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code, and particularly of 11 U.S.C. § 365."); *see also In re ASPC Corp.*, 601 B.R. 766, 809 (Bankr. S.D. Ohio 2019); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). If a debtor's business judgment has been reasonably exercised, a court should approve the rejection of an executory contract or unexpired lease. *See In re Farrar McWill, Inc.*, 26 B.R. 313, 315 (Bankr. W.D. Ky. 1982).

15. Here, the Debtors' rejection of the burdensome Rejected Leases and the Rejected Contracts is a sound exercise of their business judgment and in the best interests of their estates. The Rejected Leases are lease agreements for certain restaurant locations that the Debtors no longer occupy or use in the course of their businesses. In other words, the Rejected Leases provide no benefit to the Debtors and their estates, while subjecting the Debtors to burdensome rent and related liabilities should they not be rejected. The franchise agreements related to closed restaurant locations subject the Debtors to ongoing obligations and fees for locations that are no longer operational, and the services provided to the Debtors under such contracts are no longer necessary to their business operations. Absent rejection, the Debtors and their estates would continue to incur administrative costs under the Rejected Agreements in exchange for no meaningful benefits.

**B. The Court Should Deem the Rejected Agreements Rejected Effective as of the Filing Date.**

16. The Debtors' rejection of the Rejected Agreements should be approved effective as of the Filing Date. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code, bankruptcy courts may grant retroactive rejection of an executory contract or unexpired lease based on a balancing of the equities of the case. *See, e.g.*, *Pac. Shores Dev., LLC v. At Home Corp. (In re At*

*Home Corp.)*, 392 F.3d 1064, 1065–66 (9th Cir. 2004) (affirming bankruptcy court's approval of retroactive rejection); *Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machs. Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) (holding that, with respect to lease rejection pursuant to section 365 of the Bankruptcy Code, "bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation"); *In re Stonebridge Techs., Inc.*, 430 F.3d 260, 273 (5th Cir. 2005) ("[W]e note that most courts have held that lease rejection may be retroactively applied.").

17. Moreover, courts permit retroactive rejection when retroactive rejection would allow a debtor to avoid "unnecessary administrative costs for Contracts and the Leases that do not provide any benefits to the Debtor and its estate," *In re SVB Fin. Grp.*, Case No. 23-10367 (MG) (Bankr. S.D.N.Y. May 17, 2023) [Docket No. 249], and also when the non-debtor party to the contract or lease was given "unequivocal notice of [the debtor's] intent to reject." *In re Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003).

18. Courts in this circuit have granted retroactive rejection of executory contracts or unexpired leases. *See, e.g.*, *In re Artemis Laser & Vein Center, LLC*, Case No. 14-55300 (Bankr. S.D. Ohio Sept. 26, 2014) [Docket No. 71] (ordering that the rejection was effective as of the petition date, which was approximately one month prior to the date the motion was filed); *In re Volunteer Energy Services, Inc.*, Case No. 22-50804 (Bankr. S.D. Ohio April 26, 2022) [Docket No. 242] (ordering that the rejection was effective as of the date the rejection motion was filed, which was approximately one month prior to the entry of the order authorizing rejection).

19. Here, for the following reasons, the balance of the equities favors the Debtors' rejection of the Rejected Agreements effective as of the Filing Date. *First*, absent retroactive rejection, the Debtors would incur unnecessary administrative charges for franchise agreements,

contracts, and leases that are not necessary to their business operations or chapter 11 efforts. As discussed, the Rejected Premises are closed restaurant locations and will generate no further revenue or benefits for the Debtors. Moreover, the franchise agreements related to closed locations are no longer necessary. Requiring the Debtors' continued performance under the Rejected Agreements after the Filing Date would impose administrative costs on the Debtors and their estates in exchange for no meaningful benefits.

20. *Second*, the Debtors have provided or will provide the counterparties to the Rejected Agreements with unequivocal notice of their intent to reject the agreements as of the Filing Date. Specifically, the Debtors filed this Motion and will serve it on the affected counterparties and/or their agents or representatives by first class mail and/or electronic mail, as applicable, in accordance with applicable rules. Additionally, the Debtors have concurrently sent communications to such counterparties by electronic mail, thereby advising such counterparty that the Debtors intend to reject the Rejected Agreements effective as of the Filing Date. Moreover, with respect to the Rejected Leases, the Debtors either have already (or will do so on the date of the filing of this Motion) relinquished the keys, key cards or passcodes to the Rejected Premises to the applicable landlords and indicated to the landlords that they were surrendering possession of the Rejected Premises.

21. *Third*, the Debtors have sought the relief requested on the same day of the closing of the Rejected Premises and have not caused any undue delay on their own part. *See Roman Catholic Archdiocese of San Juan, P.R. v. Acevedo Feliciano*, 589 U.S. 57, 65 (2020) ("Federal courts may issue *nunc pro tunc* orders, or 'now for then' orders [] to reflect the reality of what has already occurred [but not as a] vehicle for...creating 'facts' that never occurred...") (internal citations omitted). Rather, the Debtors assessed their restaurant portfolio and determined in their

reasonable business judgment that certain locations are losing money and need to be shut down. Rejection of the Rejected Agreements effective as of the Filing Date is in the best interests of the Debtors' estates, does not negatively impact the public interest, and the equities balance in favor of rejection. Accordingly, the Debtors respectfully request that the Rejected Agreements are deemed rejected effective as of the Filing Date.

**C. The Motion Satisfies the Requirements of Bankruptcy Rules 6006(e) and 6006(f).**

22. Under Bankruptcy Rule 6006(e)(2), a debtor may join requests for authority to reject multiple executory contracts or unexpired leases in one motion, subject to Rule 6006(f). *See* Fed. R. Bankr. P. 6006(e)(2). Motions to assume or reject multiple executory contracts or unexpired leases must satisfy six procedural requirements, namely, they must:

1. state in a conspicuous place that the parties' names and their contracts or leases are listed in the motion;
2. list parties alphabetically and identify the corresponding contract or lease;
3. specify the terms, including how a default will be cured, for each requested assumption or assignment;
4. specify the terms, including the assignee's identity and the adequate assurance of future performance by each assignee, for each requested assignment;
5. be numbered consecutively with other omnibus motions to reject, assume, or assign executory contracts or unexpired leases; and
6. be limited to no more than 100 executory contracts or unexpired leases.

Fed. R. Bankr. P. 6006(f). This Motion, together with the schedules of Rejected Agreements attached to the Proposed Order, satisfies the procedural requirements of Bankruptcy Rule 6006(f).[4]Accordingly, the omnibus rejection of the Rejected Agreements should be approved.

[4] Bankruptcy Rules 6006(f)(3) and 6006(f)(4) are inapplicable to the relief requested in this Motion because the Debtors do not seek to assume any of the contracts, franchise agreements, or leases listed on the schedules of Rejected Agreements.

**Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

23. The Debtors request that the Court enter an order providing that notice of the relief requested satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

**Notice**

24. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee for the Western District of Michigan; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Official Committee of Unsecured Creditors; (d) counsel to the Debtors' prepetition lenders; (e) the Office of the United States Attorney for the Western District of Michigan; (f) the state attorneys general for states in which the Debtors conduct business; (g) the Internal Revenue Service; (h) OTC Markets Group; (i) the Environmental Protection Agency; (j) other governmental agencies having a regulatory or statutory interest in these cases; (k) all known lease and contract counterparties affected by this Motion; (l) Quality Is Our Recipe, LLC; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

October 16, 2026

Respectfully submitted,

*/s/ Scott N. Opincar*

**MCDONALD HOPKINS LLC**
Scott N. Opincar
Michael J. Kaczka
Maria G. Carr (admitted *pro hac vice*)
600 Superior Ave. East, Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Email: sopincar@mcdonaldhopkins.com
mkaczka@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com

*Proposed Counsel for the Debtors and Debtors in Possession*