**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERITAGE HOSPITALITY GROUP, INC., *et al.*,[1] | ) | Case No. 26-02947 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING DEBTORS TO REJECT CERTAIN (A) UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (B) EXECUTORY CONTRACTS, EFFECTIVE AS OF THE FILING DATE**

*(Related to Docket No. 121)*

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing, but not directing, the Debtors to reject certain (i) unexpired leases for non-residential real property, set forth on Schedule 1 hereto (such leases, collectively, the "Rejected Leases") and (ii) executory contracts set forth on Schedule 2 hereto (such contracts, collectively, the "Rejected Contracts" and, together with the Rejected Leases, the "Rejected Agreements"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is permissible pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Meritage Hospitality Group, Inc. (0460); MHG Food Service, Inc. (5926); OCM Development, LLC (7384); Wen Carolinas, LLC (3792); Wen Georgia, LLC (7369); Wen Ohio, LLC (5959); Wen Oklahoma, LLC (8802); Wen South, LLC (1229); Wen Tennessee, LLC (2477); Wen Virginia, LLC (2840); WM Limited Partnership-1998 (9989); RES Management, LLC (9105); Inspired By Opportunity, LLC (3681); Uncommon Hospitality, LLC (8858); and Chicken Ventures, LLC (7215). The corporate headquarters and the mailing address for the Debtors is 45 Ottawa Ave SW Suite 600, Grand Rapids, MI 49503.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in support of the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT,

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Rejected Leases and Rejected Contracts set forth on **Schedule 1** and **Schedule 2** hereto, respectively, shall be deemed rejected by the Debtors effective as of the Filing Date.

3. To the extent possession of any premises subject to the Rejected Leases has not been surrendered to the applicable landlord(s) as of the Filing Date, the Debtors shall surrender possession by no later than the date this Order is entered.

4. The Debtors shall: (i) within 10 days beginning from the date of entry of this Order, select and identify any and all property of the Debtors located at the premises subject to the Rejected Leases that the Debtors intend to retain (the "Retained Property"), subject to future disposition, (ii) within 10 days beginning from the date of entry of this Order, provide written notice of any such Retained Property to the counterparty(ies) to the applicable Rejected Lease(s) and to the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases, and (iii) within 30 days beginning from the date of entry of this Order, remove such Retained Property from the Rejected Premises. Any and all other property located on the premises subject to the Rejected Leases (the "Abandoned Property") shall be deemed abandoned, effective as of the Filing Date, pursuant to section 554 of the Bankruptcy Code, free and clear of all liens, claims, encumbrances, or interests, and the counterparties to the Rejected Leases may, in their

sole discretion and without further notice to or order of this Court or notice to any party, utilize and/or dispose of such Abandoned Property without further notice or liability to the Debtors or any third parties and, to the extent applicable, the automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified, effective immediately, to allow such use and/or disposition. All rights of landlords to file a claim for the costs of storage of any Retained Property and/or the costs of disposal of any Abandoned Property are fully reserved, as are the rights of any party in interest to object to such claims.

5. If the Debtors have deposited monies with a counterparty to a Rejected Agreement as a security deposit, such counterparty may not setoff or recoup or otherwise use such deposit without the prior authority of this Court; *provided*, *however*, that nothing in this Order shall affect, impair, or prejudice any counterparty's rights with respect to any security deposit, letter of credit, guaranty, or other collateral or credit support held by such counterparty in connection with a Rejected Agreement, including, but not limited, to: (a) any counterparty's right to retain or seek to apply or set off any security deposit held by such counterparty against any amounts owed by the Debtors under the applicable Rejected Agreement, whether arising before or after the Petition Date; (b) any counterparty's right to draw upon or make a claim under any letter of credit issued for the benefit of such counterparty in connection with a Rejected Agreement; and (c) any counterparty's rights against any guarantor of a Rejected Agreement, which rights are not released, impaired, or affected by this Order.

6. Any person or entity that holds a claim arising from the rejection of the Rejected Agreements must file a proof of claim for rejection damages claims, if any, on or before the later of: (a) the general deadline established for filing proofs of claim for these Chapter 11 Cases and (b) forty-five (45) days after the entry of this Order, or else be forever barred from asserting such claim.

7. All rights and defenses of the Debtors are preserved, including all rights and

defenses of the Debtors with respect to a claim for damages arising from the rejection of a Rejected Agreement, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular agreement is terminated and is no longer an executory contract.

8. Notwithstanding the above, the deadline for QIOR or any of its affiliates to file a proof of any claim relating to any of the Rejected Agreements shall be the later of: (a) the general deadline established for filing proofs of claim for these Chapter 11 Cases; (b) thirty days after the entry of any final order resolving the dispute regarding QIOR's alleged prepetition termination of the Franchise Agreements (if such order is entered by February 28, 2027); or (c) March 31, 2027. Nothing in this Order shall constitute or be construed as a determination of the date, validity, or effectiveness of any termination of the Franchise Agreements, or of the parties' respective rights and arguments arising from or related to any alleged pre-petition termination.

9. ~~8.~~ Notwithstanding anything to the contrary in the Motion or this Order, nothing in this Order shall (a) constitute an adjudication or determination of the amount, validity, or priority of any claim asserted by any counterparty to a Rejected Agreement, including but not limited to any rejection damage claim, administrative expense claim, or any other claim arising under the Rejected Agreement or applicable law; (b) waive, limit, or prejudice any counterparty's right to assert a claim for administrative expenses pursuant to 11 U.S.C. §§ 503(b)(1) or 365(d)(3) for any obligations arising under the Rejected Agreements, including, without limitation, any administrative expense claims arising under the Rejected Leases during the period from and after the Petition Date through and including the date the applicable leased premises are actually surrendered to such counterparty, and all such rights are expressly reserved; and/or (c) waive, limit, or prejudice any claims, defenses, rights, or causes of action that any counterparty to one or more Rejected Agreements may have against the Debtors or their estates

under such Rejected Agreements, the Bankruptcy Code, or other applicable law.

10. ~~9.~~ Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume or adopt any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

11. ~~10.~~ The requirements in Bankruptcy Rules 6006 and 6007 are satisfied.

12. ~~11.~~ Notice of the Motion as provided therein shall be deemed good and sufficient and satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

13. ~~12.~~ Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

14. ~~13.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

15. ~~14.~~ This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**END OF ORDER**

*Order prepared and submitted by:*

**MCDONALD HOPKINS LLC**
Scott N. Opincar
Michael J. Kaczka
Maria G. Carr (admitted *pro hac vice*)
600 Superior Ave. East, Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Email: sopincar@mcdonaldhopkins.com
mkaczka@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com

~~*Proposed*~~ *Counsel for the Debtors*
*and Debtors in Possession*

**Schedule 1**
**List of Rejected Leases** [6]

| NO. | DEBTOR | COUNTERPARTY | COUNTERPARTY ADDRESS | REJECTED AGREEMENT AND PROPERTY | REJECTION DATE |
|---|---|---|---|---|---|
| 1 | Wen Virginia LLC | Stepping Stones Management, Inc. | 640 Southside Plaza Street, Richmond VA 23224 | Lease Agreement<br>Store #273 Spring Creek<br>441 Market Street<br>Zion Crossroads, VA 22942 | 9/25/26 |
| 2 | Wen South LLC | Stillwell Properties, LLC | 1100 E. 156th Street, Bronx, NY 10474 | Lease Agreement<br>Store #120<br>1175 Dunn Avenue<br>Jacksonville, FL 32218 | 9/25/26 |
| 3 | Inspired by Opportunity LLC | Mahashiv 1 Enterprises, LLC<br><br>2Wishes24 TX, LLC | 10524 Variel Ave., Chatsworth, CA 91311<br><br>21405 Devonshire Street, Suite 209, Chatsworth, CA 91311 | Lease Agreement<br>Store #444<br>301 College Avenue<br>Levelland, TX 79336 | 9/25/26 |
| 4 | Wen South LLC | The Robert S. Weiss Family Limited Partnership II | 5005 Collins Avenue, Apt 210, Miami Beach, Florida 33140<br><br>Solomon, Cooperman & Recondo, LLP, 1101 Brickell Avenue, Suite N1101, Miami, FL 33131 | Lease Agreement<br>Store #154<br>2525 South Monroe Street<br>Tallahassee, FL 32301 | 9/25/26 |

[6] The Rejected Leases referenced herein include any amendments, modifications, subleases, termination agreements, or other ancillary documents related thereto, each as may have been amended, modified, or supplemented from time to time and together with any schedules thereto.

| NO. | DEBTOR | COUNTERPARTY | COUNTERPARTY ADDRESS | REJECTED AGREEMENT AND PROPERTY | REJECTION DATE |
|---|---|---|---|---|---|
| 5 | Wen Oklahoma LLC | Michael J. and Frances F. Hillsman, husband and wife, d/b/a Hillsman Properties | 1006 W. Taft #350, Sapulpa, Oklahoma 74066 | Lease Agreement<br>Store 192<br>2418 West Main Street<br>Durant, Oklahoma 74701 | 9/25/26 |

**Schedule 2**
**List of Rejected Contracts** [7]

| NO. | DEBTOR | COUNTERPARTY | COUNTERPARTY ADDRESS | REJECTED AGREEMENT AND PROPERTY | REJECTION DATE |
|---|---|---|---|---|---|
| 6 | Wen South LLC | Quality Is Our Recipe, LLC | One Dave Thomas Blvd., Dublin, OH 43017 | Franchise Agreement<br>Store #154<br>2525 South Monroe Street<br>Tallahassee, FL 32301 | 9/25/26 |
| 7 | Inspired by Opportunity LLC | Quality Is Our Recipe, LLC | One Dave Thomas Blvd., Dublin, OH 43017 | Franchise Agreement<br>Store #444<br>301 College Avenue<br>Levelland, TX 79336 | 9/25/26 |
| 8 | Wen South LLC | Quality Is Our Recipe, LLC | One Dave Thomas Blvd., Dublin, OH 43017 | Franchise Agreement<br>Store #120<br>1175 Dunn Avenue<br>Jacksonville, FL 32218 | 9/25/26 |
| 9 | Wen Oklahoma LLC | Quality Is Our Recipe, LLC | One Dave Thomas Blvd., Dublin, OH 43017 | Franchise Agreement<br>Store 192<br>2418 West Main Street<br>Durant, Oklahoma 74701 | 9/25/26 |
| 10 | Wen Virginia LLC | Quality Is Our Recipe, LLC | One Dave Thomas Blvd., Dublin, OH 43017 | Franchise Agreement<br>Store #273 Spring Creek<br>441 Market Street<br>Zion Crossroads, VA 22942 | 9/25/26 |

[7] The Rejected Contracts referenced herein include any agreements, subcontracts, riders, schedules, certificates, memoranda, amendments, supplements, guaranties, purchase orders, work orders, change orders, or other ancillary documents related thereto, each as may have been amended, modified, or supplemented from time to time and together with any schedules thereto.

| **Summary report:**<br>**Litera Compare for Word 11.12.0.83 Document comparison done on 10/19/2026 2:07:24 PM** | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://a-imdms04.mhbh.com/active/40275656/4 - Meritage - First Omnibus Contract Rejection Order.docx | |
| **Modified DMS:** iw://a-imdms04.mhbh.com/active/40275656/5 - Meritage - First Omnibus Contract Rejection Order.docx | |
| **Changes:** | |
| Add | 9 |
| Delete | 8 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 17 |