**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERITAGE HOSPITALITY GROUP, INC., *et al.*,[1] | ) | Case No. 26-02947 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL**

I, Jennifer Givens, do hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

This declaration (this "Declaration")[2] is submitted in accordance with that certain *Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business* [Docket No. 341] (the "OCP Order").

The Debtors have requested that Compensation Consulting Partners, LLC (the "Firm") provide independent executive compensation consulting services to the Debtors in connection with their proposed key employee incentive plan, including, if requested, a declaration and testimony, and the Firm has agreed to provide such services. A copy of the Firm's engagement agreement is attached hereto as Exhibit 1.

The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these Chapter 11 Cases for persons that

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Meritage Hospitality Group, Inc. (0460); MHG Food Service, Inc. (5926); OCM Development, LLC (7384); Wen Carolinas, LLC (3792); Wen Georgia, LLC (7369); Wen Ohio, LLC (5959); Wen Oklahoma, LLC (8802); Wen South, LLC (1229); Wen Tennessee, LLC (2477); Wen Virginia, LLC (2840); WM Limited Partnership-1998 (9989); RES Management, LLC (9105); Inspired By Opportunity, LLC (3681); Uncommon Hospitality, LLC (8858); and Chicken Ventures, LLC (7215). The corporate headquarters and the mailing address for the Debtors is 45 Ottawa Ave SW Suite 600, Grand Rapids, MI 49503.

[2] Capitalized terms used but not otherwise defined in this Declaration shall have the meaning ascribed to such terms in the *Debtors' Motion for Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business*.

are parties in interest in these Chapter 11 Cases. The Firm does not perform services for any such person in connection with these Chapter 11 Cases or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be retained by the Debtors, claimants, and parties in interest in these Chapter 11 Cases.

Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm has agreed to share, or will share, any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be retained.

The Debtors owe the Firm $0 for prepetition services, the payment of which is subject to limitations contained in the Bankruptcy Code. The Firm has waived, or will waive, any prepetition claim against the Debtors' estates.

As of the Petition Date, the Firm was not party to an agreement for indemnification with certain of the Debtors. To the extent that the Firm provides bankruptcy services, any limitation of liability provision in any indemnification or engagement agreement is null and void.

The Firm has read the OCP Order and understands the limitations on compensation and reimbursement of expenses under the OCP Order. Specifically, the Firm understands that in the event that it exceeds the OCP Cap in the aggregate over a three month period, the Firm will be required to file with the Court a fee application for the relevant three month period pursuant to any

interim compensation procedures order entered in the Chapter 11 Cases and any other applicable orders of the Court.

The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its retention, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

[This space intentionally left blank.]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

____________________________________

Jennifer Givens
President, Compensation Consulting Partners, LLC
7465 Stockwood Drive
Solon, OH 44139