November 9, 2026

Kevin Cleary
Chief Restructuring Officer
Meritage Hospitality Group Inc.
45 Ottawa Ave SW, Suite 600
Grand Rapids, MI 49503

**RE: INDEPENDENT REVIEW OF PROPOSED KEY EMPLOYEE INCENTIVE PLAN**

Kevin,

Thank you for engaging Compensation Consulting Partners, LLC. This letter confirms the terms on which I will provide an independent review of the proposed key employee incentive plan (KEIP) for the Chief Executive Officer, the President and Chief Operating Officer, and the Chief Financial Officer of Meritage Hospitality Group Inc. and its affiliated debtors (together, “Meritage” or the “Debtors”) in their chapter 11 cases, In re Meritage Hospitality Group Inc., et al., Case No. 26-02947 (Bankr. W.D. Mich.).

Meritage is my client. McDonald Hopkins LLC, as the Debtors’ counsel, will coordinate the engagement, and I will work through and with counsel throughout. In this letter, “I” and “me” mean Jennifer Givens acting for Compensation Consulting Partners, LLC, which is the contracting party.

I look forward to working with you and the McDonald Hopkins team.

**Jennifer Givens**
Founder and President
Compensation Consulting Partners, LLC
jen@compcp.com
330-240-9742

cc: Maria G. Carr, McDonald Hopkins LLC

# I. Role and Scope of Services

### Role

Meritage engages me as an independent compensation consultant to evaluate the proposed KEIP and recommend any changes. If the Debtors seek Court approval of the KEIP, I may also provide a declaration and, if needed, testimony stating my opinions. The work falls into three phases.

### Phase 1: Review and Recommendations

- Review. Review the KEIP proposals, the executives' employment agreements and any retention, bonus, severance, or deferred compensation arrangements, historical incentive payouts, the cash collateral budgets, the sale timeline, and related materials provided by counsel or the Debtors.
- Plan design. Evaluate whether the plan is structured as a performance-based incentive, including participants, performance measures, threshold, target, and maximum levels, payout timing and caps, and how the plan interacts with existing compensation arrangements.
- Market assessment. Assess whether the award opportunities are reasonable for a company of Meritage's size, the roles involved, and the chapter 11 context, using compensation survey data, published incentive practice surveys, public company disclosures, and publicly available incentive plans from comparable chapter 11 cases, including any identified by counsel.
- Recommendations. Share findings and recommended changes with counsel and the Debtors in working sessions and written comments. This phase does not include a formal written report.

### Phase 2: Declaration

Review and comment on a declaration about the KEIP, which counsel may draft. I will sign a declaration only if it states my own opinions and I am satisfied that my analysis supports them.

### Phase 3: Litigation Support (if requested)

If the motion is contested or the Court requires more, and at counsel's request: respond to objections, assist with discovery and document production, prepare for and give deposition or hearing testimony (including in person in Grand Rapids), and provide any supplemental declaration, written report, or other disclosure the Court orders or counsel requests.

### Outside the Scope

The KERP for non-insider employees; equity or post-emergence incentive plans; legal advice or legal research, including whether any plan meets the requirements of the Bankruptcy Code; preparing, auditing, or validating budgets, forecasts, or valuations; and administering the plan, measuring performance, or certifying payouts.

### Independence

My opinions will be my own, based on the information reviewed and my professional judgment. I will take direction from counsel on scope and timing, but not on my conclusions. My fees do not depend on my conclusions or on the outcome of any motion. I do not represent any plan participant.

## II. Fees, Estimate, and Payment

### Rates

| Service | Rate |
| --- | --- |
| Consulting, analysis, plan review, declaration work, and testimony preparation | $400 per hour |
| Deposition and hearing testimony (time on the record or in court) | $600 per hour |
| Non-working travel time | $200 per hour |
| Out-of-pocket expenses | At cost, without markup |

### Estimate

I estimate between 15 to 20 hours for Phases 1 and 2, or about $6,000 to $8,000. This is an estimate, not a fixed fee or cap. It assumes the information I need is reasonably available and no more than two rounds of plan revisions. Substantial redesign, supplemental declarations, and Phase 3 work are billed at the rates above. I will tell you and counsel before materially exceeding the estimate.

### Retention and Payment

The Debtors and their counsel will determine how I am retained and paid in the chapter 11 cases, whether through the ordinary course professional procedures or a separate application, and will prepare and file any related papers. I will provide the declarations, disclosures, and information those procedures require. I will record time in tenth-of-an-hour increments with task descriptions and invoice monthly. I have not received and will not hold a retainer. Payment, including for work done before any required approval, is subject to the Bankruptcy Code and the Court's orders, including any fee limits or review.

## III. About Compensation Consulting Partners

Compensation Consulting Partners, LLC is an independent compensation consulting firm founded by Jennifer Givens, CCP. Jen has more than 15 years of experience, including Principal and Managing Director roles in national consulting practices and earlier in-house compensation roles in banking and utilities. She holds an MBA from Cleveland State University and a BBA from Ohio University.

Her work includes:

- Executive compensation benchmarking and reasonableness assessments
- Annual and long-term incentive design
- Compensation strategy, governance, and board advisory support

A current CV is available on request.

## IV. Terms and Conditions

1. Scope Changes. Work outside Section I is a new request. We will agree on it in writing before I start.
2. Information and Reliance. I will rely on information from the Debtors, their advisors, and counsel without independently verifying it. I will use budgets, forecasts, and performance data to evaluate whether the plan's performance goals are appropriately challenging and the award opportunities reasonable. I will not audit or validate those projections; preparing and supporting them remains the responsibility of the Debtors and their financial advisors.
3. Advisory Nature. My work is compensation advice, not legal, tax, accounting, or financial advice. Counsel is responsible for the legal standards that apply to the KEIP, and the Debtors are responsible for decisions about the plan and any payouts.
4. Disclosure of Connections. I will review the parties in interest list provided by counsel and, before any required retention filing, disclose any connections as required by the procedures that apply to my retention. To my knowledge, neither I nor Compensation Consulting Partners, LLC is a creditor, equity security holder, or insider of the Debtors. I will promptly disclose any new connection I learn of.
5. Confidentiality and Discovery. I will keep the Debtors' non-public information confidential and use it only for this engagement. My communications, drafts, and working papers may be subject to discovery, and I will work with counsel on any protections. I will keep engagement records at least until the chapter 11 cases close, and longer if required by law, a litigation hold, or my record retention practices. Licensed survey data will be presented in summarized form; raw vendor data will be disclosed only as the vendor license allows or as required by law or court order.
6. Use of Work Product. My work is prepared for the Debtors and their counsel in the chapter 11 cases. The Debtors may disclose this engagement and file my declaration. No one else may rely on my work for any other purpose. I keep ownership of my methods, models, and templates.

7. Independent Contractor. I am an independent contractor and have no authority to act for the Debtors.

8. Limitation of Liability. To the extent permitted by the Bankruptcy Court, Compensation Consulting Partners, LLC's total liability for any claim related to this work is limited to the fees paid for it, and it is not liable for indirect or consequential losses. This does not apply to losses caused by fraud, bad faith, gross negligence, or willful misconduct, or to liability that cannot be limited by law.

9. Termination. Either of us may end this engagement at any time by written notice. The Debtors will pay for work performed through that date, subject to the Court's requirements. If I end the engagement after a declaration has been filed, I will cooperate reasonably with counsel to avoid prejudice to the Debtors. If I am later required by subpoena or court order to testify or produce documents about this work, that time will be billed at the rates above.

10. Governing Law. This letter is governed by Ohio law. While the chapter 11 cases are pending, the Bankruptcy Court will have jurisdiction over any dispute relating to this engagement.

11. Entire Agreement. This letter is the full agreement between us for this work. Changes must be in writing and agreed by both of us.

# Acceptance

If these terms work for you, please sign below on behalf of Meritage Hospitality Group Inc. and its affiliated debtors and return a copy.

**Compensation Consulting Partners, LLC**

Jennifer Givens, President

11/9/2026

Date

**Meritage Hospitality Group Inc., for itself and its affiliated debtors**

Signature

By: Kevin Cleary, Chief Restructuring Officer

11/10/2026

Date